# THE
# TEXAS LAW REPORTER

## AUSTIN, TEXAS, DECEMBER, 1884.

### TEXAS AND ST. LOUIS R'Y V. JAS. M'CAUGHEY.

#### IN SUPREME COURT, TYLER TERM, 1884.

*Service—Partnership.*—Service upon one partner after dissolution of the firm and before the liabilities of the firm have been liquidated, is sufficient to authorize a judgment available against the partnership in property.

*Same—Plea in Abatement.* —Where objection is urged to such service by plea and it is not shown that the firm affairs have been wound up, the court will on demurrer presume that such fact does not exist.

*Service—Waiver.*—A waiver of service by one member of the firm, showing on its face that it was made as a member of the firm, cannot be defeated by showing that such member intended an individual waiver.

*Laborer's Lien.*—The laborer's lien is a creature of the statute, and cannot owe its existence to an express agreement alone.

*Assignment.*—To every assignment, legal or equitable, the assignee must be a party.

Appeal from Smith County.

#### STATEMENT.

Suit by appellee against appellant and Coventry, Price & Co., for certain sums of money alleged to be due to plaintiff by defendants for labor performed in constructing the railroad.

It was alleged that Coventry, Price & Co., were contractors, and they employed plaintiff to take charge of a boarding house, and the

amount due him was for wages due laborers for work done on the railroad, and deducted from the wages of such laborers by defendants to pay board due plaintiff ; that plaintiff furnished the board at the instance of defendants, and they were personally liable to him ; that plaintiff was entitled to a lien on the railroad by reason of assignment to him by the laborers of so much of the wages due them for labor as was necessary to pay their board, etc.

The following waiver of service was made : "I, H. M. Shoff, a member of the former firm of Coventry, Price & Shoff, waive the issuance and service of citation in the avobe entitled case and accept service of the same, and waive the time."

Coventry, Price & Co. made no answer, and a judgment was obtained against them and the railroad by a decree establishing a lien on the railroad.

## OPINION.

It was held in the case of Alexander v. Sterne (41 Texas, 193) that service upon one partner after the dissolution of the firm and before the liabilities of the firm have been liquidated, is sufficient to authorize a judgment available against the partnership property. The plea in abatement in the present case, to which demurrer was sustained, did not state that the firm affairs of Coventry, Price & Co. had been wound up, and the court, in determining the demurrer, was bound to presume that such fact did not exist, and under the above decision the demurrer was properly sustained.

The waiver of Shoff showed on its face that it was made as a member of the firm of Coventry, Price & Co., and no affidavit of Shoff showing that he intended only an individual waiver can give it that effect. The plaintiff had every reason to believe from the language of the waiver that it was intended for the firm, and having acted upon such belief, cannot be affected by Shoff's secret intentions.

It is objected to the petition that it does not set up facts sufficient to show an equitable assignment to McCaughey of the claims held by the laborers against Coventry, Price & Co., the railroad company and McCaughey that the latter was to board these laborers, and that whatever amount should be due him for their board should be deducted out of their pay to fall due from Coventry, Price & Co., the contractors for building the road, and constitute a lien upon the

road. It is further shown that the contractors did make this deduction, but it is not shown that the laborers assented, or were parties, to the agreement that it should be done. The whole transaction seems to have occurred between McCaughey and the defendants, and they bargained among themselves as to what should be the amount of the claim of McCaughey for board, and as to how the demands of the laborers against the contractors and their lien upon the road should be disposed of.

So far from the laborers agreeing to this arrangement, they do not seem to have known anything about it, nor acquiesced in it, by receiving the amount found to be due them after deducting their board bills. For ought that appears, they have never been paid, nor offered, this balance.

So far as the agreement with the contractors and the railroad for a lien is concerned, it is sufficient to say that the laborer's lien is a creature of the statute, existing in favor of a certain class of persons only. It cannot owe its existence to an express agreement alone; so that all allegations to the effect that it was agreed between the plaintiff and the defendants that McCaughey should have a lien upon the road to secure the amounts due for the board of the laborers, amount to nothing so far as a creation of the lien is concerned.

Nor do we think that the allegations show an equitable assignment of the laborer's lien to McCaughey, nor his subrogation to their rights against the contractors and the railroad company. To establish a subrogation, there must appear to have been an extinguishment of the original debt, and to create an equitable assignment, it must have been purchased from the creditor for a consideration satisfactory to himself (Elsworth v. Lockwood, 24 N. Y., 97.)

. Equity will not deprive a creditor of his claim and his lien to secure it, without a consideration to which his assent is had, much less allow third parties, one of whom is his debtor, to effect its transfer or extinguishment without his knowledge for a consideration as to the amount of which he has never been consulted.

To an equitable assignment (which the appellee claims this to be), as well as a legal one, the assignee must be a party. The difference is in the form and manner of effecting the transfer, not in the party who must expressly or impliedly make it. (2 Jones on Mort., 813, et seq.; 3 Pom. Eq. Jur., sec. 1211, et seq.)

The present case seems to amount to an assumption by the con-

tractors of the debt due by the laborers to McCaughey, or of a pur-
chase by them of the debt from McCaughey. Of course, the con-
tractors had a right to do this, and in case of a suit by the laborers
for their hire, Coventry, Price & Co. might probably, under proper
circumstances, have made their ownership of the claim a defense so
far as to reduce the amount of the claimant's recovery. But this
amount of the reduction would have been the subject of proof in
court, and the laborers could have controverted the justice or the
extent of the reduction claimed. The agreement, then, as to its
amount and correctness, made between Coventry, Price & Co., the
railroad and the plaintiff, had no effect to settle the rights of the
laborer, and the assignment attempted by them has no standing
whatever in equity. If these laborers have not parted with their
rights to that portion of the claim which was the subject of the de-
duction by any act of theirs, or of others, to which they assented,
then the plaintiff has not acquired an equitable right to it, or the
secureties for its enforcement. He has not, therefore, shown a cause
of action in himself to recover upon the laborers' claims, and to fore-
close any lien upon the railroad by which they were secured. It is
not a question as to whether or not the laborers should been made
parties, but as to whether or not their title has passed to the plain-
tiff, and vests in him the cause of action upon which suit is brought.

We do not think that the petition showed any cause of action in
the plaintiff of a character to entitle him to hold or enforce a lien
upon the railroad, and the court should have sustained the general
demurrer of the company to the petition.

The question made as to the right of McCaughey, as laborer, to
to enforce a lien on the road, does not arise upon the record, as no
such lien was enforced by the court below.

The question raised by the other assignment will hardly arise on
another trial.

For the errors indicated, the judgment must be reversed and the
cause remanded.

                                          Willie, C. J.