NEW-YORK SPECIAL TERM, September, 1847.
*Edmonds,* Justice.

ADRIANCE *vs.* THE MAYOR, &c. OF NEW-YORK.

Whether a court of equity has jurisdiction to interfere, by injunction, to prevent the common council of a city from wasting the funds of the city, by appropriating them to purposes not warranted by their act of incorporation ? *Quære.*

In a clear case of want of jurisdiction, the court will, *ex mero motu,* refuse to grant the plaintiff the relief asked for, although the defendants have suffered the bill to be taken as confessed.

But where the jurisdiction of the court is doubtful, if the defendants, by suffering the plaintiff's bill to be taken as confessed, have conceded the jurisdiction of the court, as well as admitted their own delinquency, jurisdiction will be taken of the suit, and the relief asked for granted.

IN EQUITY. The plaintiff filed his bill setting forth that he was the owner of real estate in the city of New-York, and a tax-payer. He charged that the common council of the city were improvidently wasting the funds thereof by appropriating them to purposes not warranted by their act of incorporation ; and specifying particularly two instances of such misapplication of the funds. First; that they had appropriated the sum of $5000 as an outfit for the first regiment of New-York volunteers for the Mexican war. Second; that they had directed the payment of the sum of $16,000, being the amount of penalties, costs, and counsel fees in certain suits brought against the supervisors of New-York for violation of duty in refusing to pay the salaries of the judges of the court of sessions. The bill prayed for a perpetual injunction to restrain the defendants from paying those sums. The bill having been taken as confessed by the defendants,

*R. Mott,* for the complainant, now moved for a final decree.

EDMONDS, J. I have my doubts whether the court has jurisdiction to interfere in such a case as this. But as the defendants, by suffering the bill to be taken as confessed, have

conceded the jurisdiction of the court, as well as admitted their own delinquency, I do not know that I ought to refuse the relief asked for. Were it a clear case of want of jurisdiction, I should feel obliged, *ex mero motu,* to deny the application. But as I am not clear on the point of jurisdiction, I do not think I ought to permit my doubts to operate so far as to deny the relief asked for ; when the defendants have confessed as well jurisdiction as title to relief. The bill showing that the appropriation for the Mexican volunteers has been already paid, the injunction of course will be granted only in regard to the other item.

