The Code allows such motions to be made on a notice of only five days, and "to a judge either in or out of court." It indicates, therefore, in the strongest manner, the cases to which they should be confined. A mode of giving judgment, so stringent and summary, was never intended for a case like the present. The answer may perhaps be defective in precision, it omits to aver with absolute directness that the defendants purchased the "fluids" in question, in the belief that they were the "genuine article," or that they paid for them the "genuine price." But vagueness in pleading, it is well settled, is not frivolousness; it is to be corrected by amendment, and not visited by judgment. It is enough on this application that a good defence is "shadowed forth." The one set up by Messrs. Barnett & Co., if true, is good; it is only necessary that it should not be clearly bad. It is due also to the public health that a full trial should be had. If it be true that manufactories exisit in this city for the getting up of "unwholesome and spurious mixtures," to be palmed off upon the unsuspecting as "the pure juice of the grape," under the captivating names of Burgundy, Madeira, Sherry, Port and Muscat, the courts instead of suppressing, should assist in their investigation and exposure.

Motion denied, with costs.

---

## SUPREME COURT.

### CORNELIUS V. S. ROOSEVELT agt. SIMEON DRAPER and others.

Where the city of New-York sell real estate, and an action is brought by a plaintiff as a tax payer, and also as a creditor of the city, by reason of his owning $100, or over, of city stock, not due, to set aside the conveyance as void or improvident,

*Held*, that the action cannot be sustained. Why? Because, his interest as a *tax payer* of the city, is too uncertain to entitle him to the interposition of the court,

Roosevelt agt. Draper and others.

as between the city and the vendee of its property; it is speculative and imaginary, and clearly no greater or more certain than that of every other tax payer within the corporation. The law confers no authority upon the plaintiff to prosecute the action for any other person than himself.

And he cannot sustain the action as a *creditor* of the city, for the reason that the stock he holds is not due; and the city has made no default in payment of interest thereon, and he has no lien upon the land in question.

*New - York Special Term, June,* 1858.

APPEAL from an order overruling a demurrer to complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The conveyance in the complaint was for the sale of the Fort Gansevoort property in New-York city

S. WEIR ROOSEVELT, *for plaintiff.*
WM. M. EVARTS, *for defendants.*

By the court—BALCOM, Justice. If it be conceded that the deed from the mayor of the city of New-York to the defendant Varnum, is voidable or void, still the plaintiff cannot sustain this action, He cannot as a creditor of the city, for the reason that the stock he holds is not due, and the city has not made default in the payment of any interest thereon; and he has no lien upon the land in question.

The law confers no authority upon the plaintiff to prosecute this action for any other person than himself, and his interest as a tax payer of the city is too uncertain to entitle him to the interposition of the court, as between the city and a vendee of its property ; indeed, his interest in the matter in dispute, is speculative or imaginary, and clearly no greater or more certain than that of every other owner of city stock and tax payer within the corporation.

The gist of the case made by the complaint, is that the city has made a void or improvident sale of a portion of its real estate, to Varnum, and that the plaintiff believes he will sustain a pecuniary loss by reason thereof, either as a holder of city stock on which nothing is yet due, or as a tax payer of the corporation. If the plaintiff can maintain this action, every

other tax payer of the city who owns city stock amounting to $100, may institute a like one. It seems to me, the sanctioning of such a proposition would produce incalculable mischief, and violate the well established principle that one person cannot maintain a civil action for an injury of a public nature, when the injury he sustains is no greater than that sustained by every other member of the community.

The earlier decisions in this district, which seem to hold the doctrine that tax payers may maintain actions similar to the one at bar, have been too much shaken by recent adjudications in this city and the court of appeals, to be relied upon as establishing the right of the plaintiff to the relief demanded in his complaint.

The tax payers of the city, and holders of city stock, must find a remedy, if one is to be found, through the ballot box, the grand jury or the attorney-general, for abuses of corporate authority, by their mayor and common council, in the disposition of city property, or they must apply to the legislature for the passage of different laws than are now to be found in the statutes of the state. I am of the opinion, the complaint in the action does not state facts sufficient to constitute a cause of action, and that the order made at the special term, overruling the demurrer to the complaint, interposed by the defendants Draper and Coleman, should be reversed, and that those defendants should have judgment upon the demurrer with costs, but with leave to the plaintiff to amend his complaint in twenty days, on payment of costs.