## SUPREME COURT.

SIXTH AVENUE RAILROAD COMPANY, appellants, agt. JOHN KERR, and others, respondents.

As a general rule, a court of equity will not restrain by injunction, the commission of an ordinary *tort* or *trespass*.

The threatened trespass must be such as cannot be compensated in damages at law, or it must be irreparable, to authorize an interference by injunction.

A preliminary injunction had been granted to prevent the use of the plaintiffs' road, and the defendants instituted legal proceedings to have the amount of compensation for such use ascertained, which were resisted by the plaintiffs.

*Held,* that the injunction should be dissolved, even though it should be conceded that the threatened use of the plaintiffs' road by the defendants would be technically a constantly recurring grievance, or a continuing trespass.   At all events the injunction should be refused till the final hearing, when the subject of compensation can be considered.

The statutory privilege to use a railroad, it must be presumed, is granted from public motives and for the public good, and the public, therefore, must be presumed to be interested in the speedy and constant exercise of this privilege.

*New York General Term, November,* 1864.

*Before* LEONARD, *P. J.*, BARNARD *and* SUTHERLAND, *Justices.*

APPEAL by plaintiffs from an order dissolving an injunction.

*for appellants.*
HAMILTON W. ROBINSON, *for defendants.*

By the court, SUTHERLAND, J.   It is is said (6 *Paige*, 98,) that a preliminary injunction before answer, is altogether a matter of discretion ; if so, I am inclined to think that the dissolution of the injunction in this case on the complaint ·and answer, if not altogether a matter of discretion, was so much a matter of discretion, that the order dissolving the injunction should be affirmed on that ground.

But I will say further, that it is plain that the plaintiffs were not entitled to the preliminary injunction, on the ground that the threatened use of their road by the defendants would be a bare trespass or tort.   The general principle or rule undoubtedly is, that a court of equity will not restrain by its injunction the commission of an ordinary tort or trespass.   The threatened injury or grievance must be irreparable, or such as cannot be compensated in damages at law, to authorize a court of equity to interfere. (*Hart* agt. *Mayor, &c., of Albany,* 9 *Wend.* 571 ; *Jerome* agt. *Ross,* 7 *John. Ch.* 315.)

It was not, and is not pretended, that the defendants are not abundantly responsible, and able to respond in pecuniary damages, and it is clear that the nature of the threatened injury or trespass was such that it was susceptible of perfect pecuniary compensation.   The threatened trespass or injury, therefore, was not irreparable by an action or actions at law.

If the plaintiffs had a case for a preliminary injunction, it was upon the ground that the threatened injury or grievance would be constantly recurring ; that the threatened trespass would be a continuing trespass.   Now considering that the use of the plaintiffs' road, which the defend-

ants claim is a statutory privilege, and, therefore, it must be presumed, granted from public motives and for the public good; that the public, therefore, must be presumed to be interested in the speedy and constant exercise of this privilege, and considering the difficulty in fixing upon any amount or rule of compensation for the use of the plaintiffs' road, without any legal proceeding for that purpose, and considering particularly, that it appears that very soon after the preliminary injunction was granted, the defendants did institute a legal proceeding to have the amount of such compensation ascertained, and that the plaintiffs resisted and delayed that legal proceeding; I think the order dissolving the injunction should be affirmed, though it should be conceded that the defendants' threatened acts or threatened use of the plaintiffs' road, would be technically a constantly recurring grievance or continuing trespass.

In my opinion the order dissolving the injunction should be affirmed, wholly irrespective of the question as to the power of the legislature to give the defendants the privilege of using the plaintiffs' road, either upon making compensation or without any compensation.

LEONARD, J.   The injunction should be refused till the final hearing, when the subject of compensation can be considered, and if necessary, the defendants can then be enjoined, unless payment shall be made.