THE MUTUAL BENEFIT LIFE INSURANCE COMPANY, Appellants,
v. THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF
NEW YORK, and others, Respondents.

No relief can be administered in equity where the remedies at law are adequate
for the attainment of justice.

Where an insurance company has been improperly assessed, they have two
remedies at law — the assessment may be reviewed and corrected by *certi-
orari;* or may be stricken from the roll by *mandamus.*

ACTIONS to test the liability of the plaintiffs, to be taxed
on the sum of $100,000, deposited by them with the comp-
troller of this State. The plaintiffs are a corporation, under
the laws of the State of New Jersey, for the business of life
insurance. They had an office in the city of New York, and
an agent there for the transaction of such business.

By an act of the legislature of this State, passed in 1851
(chap. 95), all companies transacting the business of life insur-
ance within this State were required to deposit with the
comptroller of this State, $100,000, in public stocks or bonds.
The comptroller was to hold such stocks, bonds and mort-
gages as security for policy holders. (§§ 1, 2.) Under the
provisions of this act, these plaintiffs deposited, with the
comptroller of this State, the sum of $100,000; and this sum
has been included in the assessment lists of the city of New
York, against these plaintiffs, as so much personal property,
liable to taxation, under the laws of this State. In 1856, the
board of supervisors of the city and county of New York
imposed, as a tax thereon, the sum of $1,383, and the defend-
ants, or some of them, were proceeding to collect the same.
The first above entitled action was commenced in the
Superior Court of the city of New York. The complaint set
out the foregoing facts, and claimed that the said tax was erro-
neous and unlawful, and should be remitted or corrected. It
also set forth that the board of supervisors had issued their
warrant to the defendant, James Nesbitt, to collect said tax,
and that he, by virtue thereof, had levied upon the property
of said plaintiffs; that the amount of the tax, when collected,

would be the property of the defendants, the mayor, &c., of the city of New York. The complaint prayed that the defendants might be enjoined from collecting the tax, or from interfering with the property levied on; and that the court would adjudge that the defendants be restrained from collecting or receiving the same, or for such further or other relief, or both, as might be just. The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. Judgment was given for the defendants, dismissing the complaint, with costs, and this judgment was affirmed at the General Term, and the plaintiffs now appeal to this court.

The second above entitled action was commenced in the Supreme Court, and the complaint set out an assessment in the same manner, and an imposition of a tax thereon, in the sum of $1,556.44, for the year 1857, and otherwise contained the same facts and the same prayer as the complaint in the Superior Court.

The demurrer thereto alleged three grounds: First. That the Supreme Court had no jurisdiction of the subject of the action. Second. That said court could not review, by complaint and injunction, the proceedings of subordinate tribunals, created by, and acting under, a statute, and clothed with the exercise of political powers. Third. That the complaint did not state facts sufficient to constitute a cause of action. Judgment was given for the defendants, on the demurrer, and the same was affirmed at the General Term, and the plaintiffs now appeal to this court.

*A. C. Bradley,* for the appellants.

*R. O'Gorman* and *A. R. Lawrence,* for the respondents.

LEONARD, J. The question presented in this case has been passed upon by this court adversely to the plaintiffs. (*Heywood* v. *City of Buffalo,* 14 N. Y., 534.) Assume, as the complaint alleges, that the assessment is illegal; the plaintiffs have, or had, at least, two complete remedies at law: the assessment might have been reviewed and corrected by

certiorari, or have been stricken from the roll by mandamus. These remedies are adequate for the plaintiffs' relief, as there is abundant authority to show, cited by the learned counsel for the respondents. Where there are such remedies, fully adequate, the aid of a court of equity cannot be invoked.

The case principally relied on by the counsel for the appellants to maintain these actions, was decided in 1863, since the judgments were rendered in the courts below, and is reported in *The People* v. *The New England Mutual Life Insurance Company* (26 N. Y. 303).

That case was submitted, on a statement of facts, agreed on by the respective parties, under section 372 of the Code. In the court below the tax was held to be legal, and judgment was rendered against the company for the recovery of the amount. Upon an appeal to this court, that judgment was reversed, and the assessment held to be illegal. No objection was raised to the determination of the question. On the contrary, both parties asked the determination of the legality of the tax. In the case at bar, the objection is specifically raised, based upon the decisions of this court, that a court of equity will not take cognizance, or grant equitable relief by injunction, where full relief can be obtained at law. The appellants cannot be aided, by the decision in 26 N. Y., without overturning prior authority in this court, in no respect inconsistent with that decision.

It has been held, by this court, that the act of 1853 (ch. 463), for the incorporation of life insurance companies, and in relation to the agencies of foreign companies, repeals so much of chapter 51 of the Laws of 1851 as required the deposit, by foreign companies, of $100,000, with the comptroller; but it is unnecessary to go into the merits of this question, inasmuch as it appears, from the decision, that no relief can be administered in equity, where the remedies at law are adequate for the attainment of justice.

The judgment appealed from must be affirmed, with costs.