## MESSECK *vs.* THE BOARD OF SUPERVISORS OF COLUMBIA COUNTY.

The equity powers of the Supreme Court cannot be successfully invoked to stay or prevent the assessment or collection of a tax.

THIS is an appeal from an order of the special term overruling a demurrer to the complaint in the above action.

*C. P. Collier*, for the appellant.

*W. C. Benton* and *James Welch*, for the respondents.

*By the Court*, INGALLS, J.   Whatever may be the real merits of this controversy, we are of opinion that the complaint fails to present a case which entitles the plaintiff to the relief therein demanded.   In other words, an injunction is an inappropriate remedy, as the plaintiff fails to state a case within any acknowledged head of equity jurisdiction.   It has been repeatedly held that the equity powers of this court cannot be successfully invoked to stay or prevent the assessment or collection of a tax.   (*Heywood* v. *The City of Buffalo*, 14 *N. Y. Rep.* 534.   *The Mayor of Brooklyn* v. *Meserole*, 26 *Wend.* 132.   *The Susquehanna Bank* v. *The Board of Supervisors of Broome County*, 25 *N. Y. Rep.* 312.   *Wiggin* v. *The Mayor of N. Y.*, 9 *Paige.* 16.   *Livingston* v. *Hollenbeck*, 4 *Barb.* 10.   *Blake* v. *The City of Brooklyn*, 26 *id.* 301.   *The Penn. Coal Co.* v. *D. and H. C. Co.*, 31 *N. Y. Rep.* 91.   *M. B. Ins. Co.* v. *Board of Supervisors of N. Y.* 20 *How.* 417.)   This principle has been firmly adhered to by the courts of this state since the decision of the case of *The Mayor of Brooklyn* v. *Meserole*, (26 *Wend.* 143,) above cited.   The courts have been appealed to from time to time in almost every conceivable form to grant relief by injunction, to stay the assessment and collection of taxes, but such appeals have rarely met with success. We are unable to discover in this case a state of facts which

justifies the exercise of the equity powers of this court in restraining the defendants. It is insisted that a multiplicity of suits will be prevented. The complaint does not charge that they are even threatened, and if it did, that fact would not, in my judgment, be sufficient to justify this remedy. There is not such a relation shown to exist between the plaintiff and the other tax payers as justifies an action in behalf of himself and others similarly situated. (*Roosevelt* v. *Draper and others,* 16 *How. Pr.* 137. *Korff* v. *Green and others, Id.* 140.) It must be an extreme case indeed which will justify an injunction to prevent a trespass. (*Marshall* v. *Peters,* 12 *How. Pr.* 218. *Wiggin* v. *Mayor of N. Y.,* 9 *Paige,* 16. *Sixth Avenue R. R. Co.* v. *Kerr,* 28 *How. Pr.* 382.) It cannot reasonably be contended that an irreparable injury will be occasioned by the action of the defendants, in the sense contemplated by the law, to justify the remedy by injunction ; nor can it be said that the plaintiff has not a remedy at law adequate to protect his rights. The policy of the law is decidedly opposed to the granting of an injunction to prevent the collection of taxes ; as the wheels of government might thereby be stopped, and irreparable injury would be more likely to occur from a resort to that remedy than from the denial thereof. The party aggrieved can resort to the writ of certiorari, or action to protect his rights. We are of opinion that upon this ground the order of the special term, should be reversed with costs. We are unable to discover upon what legal or equitable principle the county of Columbia at large should be relieved from the payment of at least a portion of said tax, and if the remedy by injunction was appropriate, we would be in favor of affirming the order of the special term.

[ALBANY GENERAL TERM, September 4, 1867. *Miller Ingalls* and *Hogeboom,* Justices.]