# SUPREME COURT.

WILLIAM V. CORWIN *et al.* agt. ALEXANDER CAMPBELL *et al.*

It is now well settled in this state that an *injunction* cannot be sustained by one or more tax-payers to prevent the collection of a *tax* illegally imposed.

Consequently it cannot be sustained to restrain the future probable or possible imposition of such a tax which the tax-payers of a town may become liable to pay by reason of the unauthorized issuing of the bonds of the town for railroad purposes.

If the proceedings of the assessors of the town appear to be in all respects regular and to comply with the statute, this court has no power by action to restrain the commissioners by injunction from issuing the bonds of the town, because the assessors may have predicated their conclusion upon facts failing to warrant it.

A different mode has been provided for reviewing and correcting the decision of the assessors; that is to be done by the writ of *certiorari.* The fact that the parties entitled to apply for the writ have omitted to do so until the right to it has been lost by lapse of time, will justify no change in the disposition which should be made of such application.

*Erie Special Term, October,* 1872.

DANIELS, *J.*—This action is brought by the plaintiffs, as tax-payers of the town of New Fane, to restrain the execution and delivery of bonds of the town in which they are taxable inhabitants, to aid in the construction of the Lake Ontario Shore railroad. As tax-payers of the town they can only be injured by an unauthorized issuing of the bonds through the circumstance that it will impose an illegal debt upon the town which they may be eventually liable to be taxed to pay; and it is to prevent the possibility of being subjected to that injury, in case taxation should have to be resorted to for the purpose of paying the debt created by the bonds, that an injunction is applied for in this case.

That is the sole and only ground on which the right to the redress by injunction is placed. But that is not sufficient to entitle the plaintiffs to such relief; for it is now well settled in this state that an injunction cannot be sustained by one or more tax-payers to prevent the collection of a tax illegally imposed (*Susquehanna Bank* agt. *Supervisors of Broome Co.*, 25 *N. Y.*, 312; *Mutual Life Insurance Co.* agt. *Supervisors, &c.*, 3 *Keyes*, 182; *Hasbrouck* agt. *Kingston Board of Health, id.*, 480; *Messeck* agt. *Supervisors of Columbia Co.*, 50 *Barb.*, 190).

And if an action cannot be sustained to prevent the collection of a tax unlawfully imposed by the public authorities, it must necessarily follow from that conclusion that it cannot be sustained to restrain the future probable or possible imposition of such a tax.

But if an action for such a purpose could be sustained by tax-payers, the facts set forth in the complaint in this action are not sufficient for that purpose; for by the complaint it appears that the affidavit of the assessors has been made and filed, showing that a majority of the tax-payers of the town, owning a majority of the taxable property assessed and appearing upon the last assessment roll of the town, consented in writing that the commissioners might issue the bonds of the town, and take stock for them in the railroad company formed for the purpose of constructing such road.

This affidavit seems to be in the form required by § 2 *of chap.* 811 *of the Laws of* 1868, and § 2 *of chap.* 241 *of the Laws of* 1869; and under the provisions of those acts it is made evidence of the facts mentioned in it, and from the affidavit it appears that the commissioners are lawfully authorized to issue the bonds. These statutes in express terms render the affidavit of the assessors evidence of that fact in any court of the state, and before any judge or justice thereof; and, as such evidence, it is not liable to be controverted or overthrown by allegations of its untruth made in a collateral action, as this action very plainly is. The assessors were

Corwin agt. Campbell.

required to determine for themselves whether the facts existed warranting the affidavit made by them; and when they did that, and afterwards consummated their duties by swearing to it and filing it, that became the legal evidence upon which the commissioners were to act in issuing the bonds. And in an action like the present one this court has no power to restrain them from doing that, because the assessors may have predicated their conclusion upon facts failing to warrant it. Their action cannot be reviewed in this manner (*Howland* agt. *Eldridge*, 43 *N. Y.*, 457; *Pierce* agt. *Wright, Fourth Department, General Term, MSS. opinion by* JOHNSON, *J.*).

If the conclusion concerning these facts reached by the assessors is erroneous, a different mode has been provided for reviewing and correcting their decision; that is to be done by the writ of *certiorari*. And it affords ample authority for redressing and correcting all the mistakes and irregularities which may be legally complained of in such proceedings. The fact that the parties entitled to apply for the writ have omitted to do so until the right to it has been lost by lapse of time, will justify no change in the disposition which should be made of the present application. That is the proceeding provided by law for correcting such errors as are now complained of; and the neglect of the parties to apply for it in proper form presents no ground for allowing an injunction to be issued.

Without placing any particular stress upon the circumstance shown by the defendants, that the bonds were actually executed and delivered before the suit was commenced, it must follow, from what has been already said, that the motion for the continuance of the injunction must be denied, with costs.