RAPP v. WILLIAMS, appellant.

*Landlord and tenant — summary proceedings — Injunction.*

Plaintiff brought suit against defendant in April, and averred that she was in possession of premises of defendant under a lease which would expire May 1; that defendant, by his agent, had agreed verbally to re-lease the premises to her for another year; but that defendant now threatened to tear down the building occupied by plaintiff, and dispossess her on May 1; that plaintiff would suffer great damage if dispossessed May 1. Plaintiff demanded an injunction restraining defendant from taking summary proceedings to dispossess her. Defendant denied the authority of the agent to make the agreement to re-lease. The injunction was granted. *Held* error, upon the ground that if the averments of the complaint were true plaintiff had a perfect remedy at law, and she should have waited until the summary proceedings were instituted ; also upon the ground that the issue presented by defendant's denial was properly triable by a jury in summary proceedings.

APPEAL by defendant from an order granting a final injunction. The action was brought by Ann M. Rapp against William Williams for an injunction restraining defendant from taking summary proceedings to dispossess plaintiff of certain premises. The facts appear in the opinion.

*W. G. McCrea,* for appellant. The law provides another remedy for plaintiff and the injunction should not have been granted.

*Balcolm* v. *Julien,* 22 How. 353 ; *Roberts* v. *Mathews,* 18 Abb. 199 ; *Smith* v. *Moffat,* 1 Barb. 65 ; *Marks* v. *Wilson,* 11 Abb. 87 ; *Ward* v. *Kelsey,* 14 id. 106. The defendant has met the equities of the complaint. *Finnegan* v. *Lee,* 18 How. 186 ; *Duigan* v. *Hogan,* 16 id. 164 ; *Mallet* v. *Weybossett Bank,* 1 Barb. 217 ; *Perkins* v. *Warren,* 6 How. 341 ; *Skinner* v. *White,* 17 Johns. 366 ; *Manhattan Gaslight Co.* v. *Barker,* 36 How. 233 ; *Roberts* v. *Mathews,* 18 Abb. 199.

*D. Thornton,* for respondent.

DAVIS, P. J. This action was commenced about the 20th day of April last. The plaintiff shows by her complaint and affidavit that she was then in possession of premises No. 159 West Nineteenth street, as tenant under a lease assigned to her by one Reicheit, which lease would expire on the 1st day of May, 1874 ; that, on or about the 1st day of February, 1874, one William H. Roome, who acted as agent for defendant in collecting rents, asked the plaintiff if she wanted the premises for another year ; that plaintiff replied that she would take them for another year at the same rent and upon the same terms and conditions ; and thereupon the agent told her that she could have them on such terms and conditions for one year, from May 1, 1874, and that he would bring her a lease on the 1st day of March following ; that, about the 4th of March, she saw defendant and asked him if he would not give her a lease for two years, to which he promised to give an answer in a few days ; and that on the 19th of March he notified her that he intended to tear down the house and rebuild for his business purposes, and should not lease the same to her. The plaintiff shows, by her affidavit, that she will suffer great damage if dispossessed on the 1st of May, and claims that she has, under the agreement made with the agent, a valid lease for a year from that time. The defendant, by his answer, denies that Roome was his agent to lease the premises, or for any purpose but to collect rent, and that he ever authorized Roome to make any agreement for the leasing thereof, and denies that any lease was made. Roome, by his affidavit, denies that he ever saw the plaintiff, or made any arrangement with her whatever, and says that he had no authority from defendant to lease the premises, and did not lease them to the plaintiff ; that the rents were always collected by a clerk of his, who had no authority to make any agreement to lease the premises. The affidavits on the part of

plaintiff allege admissions of defendant to the effect that Roome was authorized to make the lease, but that since making the lease defendant had concluded to take down the building to rebuild, and should therefore cancel the same.

The injunction in this case was improvidently continued, for two reasons :

*First* — If the lease for one year from the 1st day of May, 1874, was made, as alleged by plaintiff, she could not be dispossessed by the defendant on the expiration of her existing lease. The fact of the making of such new lease would be a complete defense to any proceedings to dispossess her, and that fact she could allege and establish in any summary proceeding that might be taken. She had possession of the premises, with, as she shows by her complaint, a right to keep it ; and these facts, upon her own averments, gave her a perfect remedy at law. There was no occasion or propriety in her resorting to a suit in equity to protect her rights. *Balcom* v. *Julien,* 22 How. 349 ; 38 id. 94 ; *Hart* v. *Harvey,* 32 Barb. 55 ; *Marshall* v. *Peters,* 12 How. 218 ; *Mensseck* v. *Board of Supervisors,* 50 Barb. 190 ; *Bruce* v. *Delaware & Hudson Canal Co.,* 19 id. 371 ; *Kelsy* v. *King,* 32 id. 410 ; *Lewis* v. *Oliver,* 4 id. 121 ; *Mallet* v. *The Weybossett Bank,* 1 id. 217 ; *Ward* v. *Kelsy,* 14 Abb. 108 ; *Seeback* v. *McDonald,* 11 Abb. 95 ; id. 87 ; *McGune* v. *Palmer,* 5 Robt. 607.

*Second* — The entire equity of the complaint is denied by defendant. The authority of the alleged agent is denied, and the fact that any agreement of lease was made by him is also denied. On this ground, also, the injunction should have been dissolved.

The case presents a simple issue fairly and speedily triable by a jury in the summary proceedings without which the possession of plaintiff could not be disturbed. There was no reason why the plaintiff could not and should not have waited till such proceedings were taken, and then have defended her possession, instead of resorting to the expensive and tedious process of a suit in equity for an injunction.

The order must be reversed, and the motion to continue the injunction denied, with $10 costs of appeal and $10 costs of the motion in the court below.

DANIELS and BRADY, JJ., concurred.

*Ordered accordingly.*