## PETER NICHOLS, APPELLANT, *v.* PETER VOORHIS AND OTHERS, RESPONDENTS.

*Chapter 670 of 1871 — deeds of commissioners appointed under — not presumptive evidence of the regularity of the proceedings.*

Section 12 of chapter 670 of 1871, authorizing the construction of an avenue in Rockland county, provides that in case the assessments imposed thereunder remain unpaid for the time therein specified, the commissioners are authorized to sell the lands so assessed, "in the same manner as the comptroller of the State is authorized to sell lands for non-payment of taxes."

*Held,* that it was not the intention of the Legislature to create the same presumption in favor of the regularity of sales had under this act, that exists in the case of sales by the comptroller, and that the deeds given by the commissioners were not presumptive evidence of the regularity of the proceedings prior to, and including the sale, in pursuance of which they were given.

*Semble,* that even the deeds of the comptroller are not presumptive evidence of the regularity of the proceedings had prior to the assessment.

REARGUMENT of an appeal from a judgment, entered upon an order sustaining a demurrer to the complaint herein.

The action was brought to vacate an assessment imposed upon lands of the plaintiff, under the provisions of chapter 670 of 1871, authorizing commissioners to lay out Rockland avenue, and to restrain the commissioners, and their successors, from collecting or enforcing the same.

The appeal was argued in 1876, and decided at a General Term held in December of that year, being reported in 9 Hun, at page 171. The judgment was then reversed.

Subsequently an appeal was taken to the Court of Appeals, where such appeal was dismissed. Thereafter the counsel for the respondents moved for a reargument at the General Term, which was granted.

*C. P. Hoffman*, for the appellant.

*S. J. Crooks*, for the respondents.

GILBERT, J. :

These rules have been as fully established in this State as any other, viz. : 1. That the equitable power of the court cannot be invoked for the purpose of reviewing the proceedings of boards or officers, such as the commissioners whose acts are assailed in this case. That has always been a matter of legal, and never a matter of equitable, cognizance. 2. That a party is not entitled to equitable relief because his property has been illegally assessed for a public improvement, and such assessment is an apparent lien thereon. To authorize the court to interpose to remove such lien as a cloud upon title, it must appear that the irregularities or defects which render the assessment void do not appear on the face of the proceedings, and that a claimant under such lien would not, by the proof he would be obliged to give in order to maintain a right or title based thereon, develop such irregularities or defects. (*Guest* v. *The City of Brooklyn*, 69 N. Y., 506, and cases cited.) Assuming, therefore, that the proceedings preliminary to, and including the assessment in controversy, are void, the plaintiff is not entitled to relief, for the reason that in any suit or proceeding to enforce the assessment, the matters which make it void would necessarily appear in the proof which the claimant would be required to give. The burden would rest upon him of showing that the provisions of the statute under which the assessment was levied had been strictly pursued. If the allegations of the complaint be true, he would necessarily fail in proving a compliance with the statute. Hence the apprehension of the plaintiff

that future injury may accrue to him, by means of the assessment, is not well founded.

It is urged that a conveyance of the property assessed, in execution of a sale thereof for the non-payment of the sum assessed, would be presumptive evidence of the validity of the proceedings to levy the assessment. I think that is a mistake. The statute under which the proceedings were had merely authorizes, 1. A sale of the land assessed in the same manner (with certain specified exceptions, not material) as the comptroller of the State is authorized to sell lands for the non-payment of assessments for taxes; 2. A conveyance thereof; and 3. The doing of each and every act and thing that the said comptroller is authorized to do on sales for non-payment of taxes. (Laws 1871, ch. 670, § 12.) Not a word is contained in the act of 1871 which invests the conveyance authorized to be made by the commissioners therein named, with any force or effect as evidence. An authority to sell and convey, and to do the acts and things which the comptroller is authorized to do, is by its terms limited to the acts themselves. But a conveyance under a statutory power to sell is not evidence of a due execution of the power, unless expressly given that effect by statute. The provision of the act of 1855 (chap. 427, § 65), as amended by chapter 209, Laws 1860, making all conveyances of the comptroller presumptive evidence of regularity, is an independent provision, and not in any sense an incident of any act which he is authorized to do. The statute of 1871, under which the plaintiff's land was assessed, did not adopt the provision of the act of 1855 referred to. Any conveyance made under the statute of 1871, therefore, will have no effect, unless all the provisions of that statute have been strictly pursued. And, as before stated, the burden will rest upon the grantee to prove such compliance with the statute.

It may be added that section sixty-five of the act of 1855 makes conveyances by the comptroller presumptive evidence only, that the sale and all proceedings prior thereto, *from and including the assessment*, and some subsequent proceedings, were regular. Proceedings prior to the assessment are unaffected by that section. In the case before us the latter proceedings would be the most important on the question of the validity of a conveyance, pursu-

ant to a sale for the non-payment of the assessment. A suit in equity to prevent a sale of personal property, under process which is illegal, and therefore void, cannot be maintained, for the reason that a perfect legal remedy exists by action to recover possession of the property sold, or to recover damages for the illegal seizure or conversion thereof. (*Mutual Life Insurance Co.* v. *Supervisors*, 3 Keyes, 182.)

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.