### DELAWARE & H. C. Co. *v.* ATKINS, Collector.

(*Supreme Court, General Term, Third Department.* February, 1888.)

TAXATION—INJUNCTION TO RESTRAIN COLLECTION—DEFECTIVE ELECTION OF ASSESSORS.
　　An injunction will not lie to restrain the collection of a tax which is a lien on personal property only because of defects in the election of the assessors, where the assessors assumed to act under color of an election, and performed the duties of the office, without objection, until after the tax had been assessed.

On exceptions from circuit court.

Action by the Delaware & Hudson Canal Company to restrain the collection of a tax. Plaintiff appeals from a judgment for defendant.

Argued before LEARNED, P. J., and INGALLS and LANDON, JJ.

*Peter Cantine,* for appellant. *John F. Anderson,* for respondent.

INGALLS, J. In disposing of this appeal, we do not deem it necessary particularly to discuss the proceedings by which the assessors were inducted into the office, nor the steps taken by them in imposing the tax complained of, as we have reached the conclusion that, upon the facts, the plaintiff is not entitled to the remedy by action in equity, accompanied by an injunction, to stay the collection of the tax. The assessors assumed to act under the color of an election; and, although their title to the office may be subject to serious criticism, yet they assumed to act under such election, and performed the duties of the office. Parker seems to have been elected at a regular town meeting, but in the face of a vote, at the same meeting, to reduce the number of assessors for the town from three to one. He took the oath of office, and entered upon its duties. Courtright was regularly elected, and participated in the assessment up to the time he removed from the town, and, after such removal, signed the roll, and made the required affidavit as assessor. Bogert was regularly elected, and participated, to some extent, in making the assessment, but did not sign the roll, or join in the affidavit which accompanied the same. We are not able to adopt, as sound, the contention of plaintiff's counsel, that the acts of Parker, Courtright, and Bogert, in making such assessment, should be regarded merely as the doings of private citizens, acting under no color of office, and therefore void. The proceedings were not arrested until they culminated in the mandate for the collection of the tax, through the action of the supervisor of the town of Highland, and of the board of supervisors of the county of Sullivan. After a careful consideration of this case, we are satisfied that the present action cannot be maintained. It is not within any recognized head of equity jurisdiction. The remedy by injunction has been resorted to upon almost every conceivable state of facts, to prevent the collection of a general tax, and the effort has proved unsuccessful, and almost the entire range of judicial adjudication has been against such remedy. Parties complaining of erroneous or oppressive taxation have been required to seek redress by affidavit to reduce the amount of such tax, or by *certiorari* to review the proceedings by which the tax is imposed. If persons assume to act as assessors without proper authority, or perform their duties in such manner as to render their acts void, the party may proceed by *quo warranto,*

or by action against the official to recover damages against him personally. If such remedies are not sufficient to furnish adequate relief, the legislature must provide the needed remedy. The resort to an injunction is objectionable, as it is expensive, and attended with delay in the collection of taxes, which are indispensable to the operation of the machinery of government. The case does not show but that the plaintiff is subject to taxation within the town of Highland. It does not show that the tax is a lien upon the land of the plaintiff, so as to create a cloud upon the title, to remove which a resort to extrinsic evidence becomes necessary. The tax has been levied upon personal property sufficient to satisfy the same. The following adjudications are referred to as indicating the expression of the courts against the remedy by action in equity, accompanied by injunction to prevent the collection of taxes: *Heywood* v. *City of Buffalo*, 14 N. Y. 534; *Livingston* v. *Hollenbeck*, 4 Barb. 9; *Bank* v. *Supervisors*, 25 N. Y. 312; *Railroad Co.* v. *Smith*, 39 Hun, 332–337; *Messeck* v. *Board*, 50 Barb. 190. Motion for new trial denied, and judgment ordered for the defendant, with costs.