THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, PLAINTIFF, *v.* ALANSON B. ATKINS, AS COLLECTOR OF THE TOWN OF HIGHLAND, DEFENDANT.

*Tax collector — he cannot be restrained from collecting a tax on the ground that the assessment was void because of jurisdictional defects therein — the remedies of the party taxed stated.*

This action was commenced to restrain and enjoin the collector of the town of Highland, from the collection of a tax levied and assessed upon the plaintiff's real estate in that town; and from selling certain property levied upon by the collector, upon the ground that the assessment was null and void because of jurisdictional defects therein, and a substantial non-compliance with the provisions of the law by the assessors in making and completing the assessment.

*Held,* that the action could not be maintained, as it was not within any recognized head of equity jurisdiction.

That parties complaining of erroneous or oppressive taxation are required to seek redress, by affidavit to reduce the amount of such tax, or by *certiorari* to review the proceedings by which the tax was imposed.

That, if persons assume to act as assessors without proper authority, or perform their duties in such a manner as to render their acts void, the party aggrieved may proceed by *quo warranto* or by action against the official to recover damages against him personally.

That if such remedies are not sufficient to furnish adequate relief, the legislature must provide the needed remedy.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a dismissal of the complaint at the Sullivan Circuit.

This action was commenced to restrain and enjoin the collector of the town of Highland, the defendant, from the collection of the tax levied and assessed upon the plaintiff's real estate in the town of Highland, and from selling the property levied upon by the collector,

and from reducing any other property of the plaintiff into his possession, and to declare the assessment null and void and for other relief. An injunction during the pendency of the action was granted August 11, 1887, and served at the time of the service of the summons and complaint, August 12, 1887. After the opening of the case on the part of the plaintiff, the counsel for the defendant moved for a dismissal of the complaint upon the pleadings upon four grounds, viz.:

*First.* No action will lie to restrain the collection of a tax on the sole ground that the assessment was illegal.

*Second.* A court of equity has not jurisdiction to restrain the collection of a tax after the warrant for its collection has been placed in the hands of the collector, when the sole ground is that the assessment, upon which it was based, was illegal.

*Third.* In this action against the collector the plaintiff cannot try the legality or regularity of the assessment, or the title to the office of the assessors, who made the assessments and completed and verified the assessment-roll, so long as all of the proceedings are regular upon their face.

*Fourth.* That in this action against the collector no question can be raised as to the validity of the assessment, the tax levied by the board of supervisors thereon, all of the proceedings, both of the board of supervisors and assessors, being regular on their face.

*Peter Cantine,* for the plaintiff.

*John F. Anderson,* for the defendant.

INGALLS, J.:

In disposing of this appeal we do not deem it necessary particularly to discuss the proceedings by which the assessors were inducted into the office, nor the steps taken by them in imposing the tax complained of, as we have reached the conclusion that upon the facts the plaintiff is not entitled to the remedy by action, in equity, accompanied by an injunction to stay the collection of the tax. The assessors assumed to act under the color of an election, and although their title to the office may be subject to serious criticism, yet they assumed to act under such election, and performed the duties of the

office.    Parker seems to have been elected at a regular town meeting,. but in the face of a vote at the same meeting to reduce the number of assessors for the town from three to one.    He took the oath of office and entered upon its duties.    Kortright was regularly elected, and participated in the assessment up to the time he removed from the town, and after such removal signed the roll and made the required affidavit as assessor.    Bogert was regularly elected, and participated, to some extent, in making the assessment, but did not. sign the roll or join in the affidavit which accompanied the same. We are not able to adopt, as sound, the contention of plaintiff's. counsel that the acts of Parker, Kortright and Bogert in making such assessment, should be regarded merely as the doings of private citizens, acting under no color of office, and therefore void.    The proceedings were not arrested until they culminated in the mandate for the collection of the tax through the action, of the supervisor of the town of Highland, and of the board of supervisors of the county of Sullivan.    After a careful consideration of this case we are satisfied that the present action cannot be maintained.    It is not within any recognized head of equity jurisdiction.    The remedy by injunction has been resorted to upon almost every conceivable state of facts to prevent the collection of a general tax, and the effort has proved unsuccessful, and almost the entire range of judicial adjudication has been against such remedy.    Parties complaining of erroneous or oppressive taxation have been required to seek redress by affidavit to reduce the amount of such tax, or by *certiorari* to review the proceedings by which the tax is imposed.    If persons assume to act as assessors without proper authority, or perform their· duties in such manner as to render their acts void, the party may proceed by *quo warranto* or by action against the official to recover damages against him personally.    If such remedies are not sufficient to furnish adequate relief, the legislature must provide the needed remedy.    The resort to an injunction is objectionable, as it is expensive and attended with delay in the collection of taxes which are indispensable to the operation of the machinery of government.. The case does not show but that the plaintiff is subject to taxation within the town of Highland.    It does not show that the tax is a. lien upon the land of the plaintiff, so as to create a cloud upon the title, to remove which a resort to extrinsic evidence becomes neces-

sary.  The tax has been levied upon personal property sufficient to·
satisfy the same.  The following adjudications are referred to as.
indicating the expression of the courts against the remedy by action
in equity accompanied by injunction to prevent the collection of
taxes.  (*Heywood* v. *The City of Buffalo*, 14 N. Y., 534 ;.
*Livingston* v. *Hollenbeck*, 4 Barb., 9 ; *Susquehanna Bank* v. *Super-*
*visors of Broome Co.*, 25 N. Y., 312 ; *Rome, W. and O. R. R. Co.*.
v. *Smith*, 39 Hun, 332, 337 ; *Messeck* v. *Board of Sup. of Columbia·*
*Co.*, 50 Barb., 190.)

The motion for new trial should be denied, and judgment ordered.
for the defendant, with costs.

LEARNED, P. J. and LANDON, J., concurred.

Motion for new trial denied, judgment for defendant with costs..