The question whether a corporation was entitled to commute for its taxes, under the act of 1853, when that act was in force, where the corporation had not been in existence for one whole year when the tax was imposed, came before this court in the case of Howes, President of the Park Bank, v. Wood, Mayor of NewYork (24 N.Y., 93), at the October term last year; and we held, after full consideration, that the section allowing a commutation had no application to such a case. The Park Bank had been in existence about ten months, and had earned a considerably greater amount of profits in *Page 314 
proportion to its capital than the Susquehanna Bank had earned when the claim to commute was made, though less than five per cent on the capital. But these circumstances do not distinguish the cases, so far as the right to commute is concerned. The question depends wholly upon the construction of the statute, and our conclusion was, that an experiment of one whole year was required to be made before it could be said that the corporation had not been in receipt of five per cent net profits during the preceding year. Where the right to commute does not attach, the corporation is taxable under the general law regulating the taxation of corporations. That decision, of course, determines this appeal.
But if we should stop here, it might possibly be inferred that we supposed a suit like the present one, in the nature of a bill in equity for an injunction, would lie, in such a case, if the board of supervisors had fallen into an error in refusing to allow the plaintiffs to commute, and taxing them on their capital. On the contrary, we consider it entirely settled that they would not be entitled to such a remedy. The question has often been before the courts, and there has been a steady course of adjudication to the effect that a bill to restrain the collection of a tax would not lie, unless the case were brought within some acknowledged head of equity jurisprudence. Where the tax is upon land, and the law allows it to be sold to collect the tax, and the conveyance to be executed by the proper officer would be conclusive evidence of title, and the tax was not void on its face, a suit in the nature of a bill quia timet will lie; and so where there might otherwise be a multiplicity of suits, and the right had been once settled at law. But independently of such cases, there is no more reason for entertaining a suit of this character than there would be, where, in an action for the recovery of money, a party had a judgment against him upon an erroneous ruling of the law. The following are some of the principal cases upon the point: Moores v.Smedley (6 Johns. Ch., 28); Wiggin v. The Mayor, c., ofN.Y. (9 Paige, 16); Van Dorn v. The Same (id., 388); TheMayor of Brooklyn v. Messerole (26 Wend., 132); The N. *Page 315 Y. Life Insurance Co. v. The Supervisors of the City of N.Y. (4 Duer, 192); Heywood v. The City of Buffalo (4 Kern.; 534). It is not necessary that we should show that the party complaining in this class of cases could have his grievance examined in some other form; but we suppose that a certiorari might, at the discretion of the Supreme Court, be awarded, to determine the validity of a tax. It would not, however, be granted as a matter of course, but only on showing satisfactory grounds for relief, and making it appear that no considerable public inconvenience could arise from the delay. (The People v.The Supervisors of Allegany, 15 Wend., 198.)
We considered the point of jurisdiction so well settled, that when the appeal in Wilson v. The Mayor, c., of New York,
which presented a similar question, was brought on at the June term last year, we gave judgment against the plaintiff on the argument, reversing the judgment of the Court of Common Pleas of the city and county of New York. In that case, the plaintiff had been taxed in the city of New York, for personal property, while he was a resident of the State of Connecticut, and he commenced the action to restrain the collection of the amount. The question was the same in principle, upon the point of jurisdiction, as the one now before us.
The judgment of the Supreme Court must be reversed, and the complaint be dismissed, with costs.
All the judges concurring,
Ordered accordingly.