## PINCKNEY'S CASE.

*Supreme Court, First District; General Term, Feb.*, 1865.

APPEAL.—VACATING ASSESSMENTS.—SPECIAL PROCEEDINGS.

An appeal lies to the court at general term from an order made at special term upon an application to vacate an assessment in the city of New York, for fraud or legal irregularity.

The proceedings to vacate such assessments, given by the act of 1858, are special proceedings, within the meaning of the act of 1854, which gives appeals from orders, &c., of court in special proceedings.

Motion to dismiss appeal.

This motion was made to dismiss an appeal taken from an order made at special term, vacating the assessment for opening Madison Avenue.

The application was made to the special term, and the judge there held there were such legal irregularities as warranted him in setting aside the assessment on the lots of the petitioner.

The petitioner now sought to have the appeal dismissed on the ground that no appeal lies from such an order.

*A. Brown*, for the petitioner.

*W. Trull*, for the Mayor, &c.

By the Court.*—Ingraham, P. J.—It is very clear that this case does not fall within any of the class of cases in which appeals are allowed by the Code of Procedure. The chapter which regulates appeals to the general term is confined to judgments and orders made in an action. If there was any doubt about this construction as applied to the 350th section, it is removed by the 8th section, which limits the 2d part of the Code to civil actions, except when otherwise provided. All the provisions regulating appeals in that chapter apply to proceedings in actions, and they do not sustain the appeal in this case.

If there were no other provisions of law to sustain this appeal, this motion ought to be granted.

The statute of 1854 (p. 592, ch. 270), extends the right of appeal to the general term, to a class of cases not embraced within the chapter of the Code before referred to. By that statute it is enacted that such appeal may be taken from any judgment, order, or final determination made at a special term, in any special proceeding in the court.

A special proceeding is defined to be any remedy other than an action. (*Code*, § 3.)

Under this definition, a proceeding before referees to hear appeals from commissioners of highways has been decided to be a special proceeding. (People *a.* Flake, 14 *How. Pr.*, 527.) An assessment of damages in laying out a plank-road (3 *Code R.*, 148), a proceeding by commissioners to appraise compensation for lands taken under the Railroad Act (N. Y. Central R. R. C. *a.* Marvin, 1 *Kern.*, 277), and other matters of a similar character, not originating as actions, have been held to be special proceedings.

We have no definition of a special proceeding given in the act of 1854, and if we take the definition as given by the Code,

---

* Present, Ingraham, P. J., and Clerke, J.

there can, I think, be no difficulty in holding that the proceed-
ing now under consideration is "a remedy (other than an action)
for the redress or punishment of a wrong."

The act under which this proceeding was taken, allows the
application to be made to a judge of the Supreme Court in
special term or in vacation.   Where the proceeding is taken in
the special term, it is clear that a certiorari will not lie, be-
cause it would be addressed to the same court in which it is
made returnable.   This objection, however, would not be good
where the proceeding was before a justice of the court out of
court.   It would then be similar to all other statutory proceed-
ings, where a justice of the court is authorized out of court to
conduct special proceedings, such as insolvent cases, attach-
ments against vessels, summary proceedings for the possession
of lands, and other proceedings of a similar character, in all of
which a certiorari from this court is allowed to review the de-
cisions therein.   When this question was before the general
term of this district in the matter of 80th street,* the court did
not hold that the writ would not lie, but that as the allowance
of a writ of certiorari rested in the sound discretion of the court,
and as the parties had a complete remedy under the act of
1858, it was inexpedient to proceed by certiorari.

There may also be the additional reason, that as the writ of
certiorari would only bring up the record, and not the evidence,
complete justice could not be done in that mode between the
parties.   If the objection appeared upon the record, I see no
reason why it might not be so reviewed.   In Susquehanna
Bank a. Supervisors of Broome Co. (25 N. Y., 312), DENIO, Ch.-J.,
says, "we suppose that a certiorari might at the discretion of the
Supreme Court be awarded to determine the validity of a tax."
If of a tax, surely an assessment for a local improvement less
extensive in its boundaries, and of less importance to the muni-
cipal authorities may be reviewed in the same way.

In the present case, however, the proceeding was commenced
in the special term of the court, and is a proceeding in the
court, just as much as if it were an action.   The 5th section
designates the decision of the judge as a judgment, and directs

---

* The decision in that proceeding is reported 17 *Ante*, 324.

what proceedings shall be taken when that judgment be so rendered.

I am aware of the decision of the Court of Appeals, in the matter of the application of John M. Dodd to vacate an assessment, &c. That case appears to have been before a justice out of court, and the learned Chief-justice, when he says the act of 1854 has no application to the case, says it is because the proceeding is not in a court of justice. He says, to be a special proceeding, there must be a litigation in a court of justice. This proceeding is commenced by a notice to the adverse party, it is brought before the special·term of the court, evidence is taken before the court, the case is argued by the respective counsel, and judgment is rendered therein. There are no other requisites to be added to make it a litigation in a court of justice. Certainly, it is much more appropiately within the description of a special proceeding, than the admission of attorneys in the court, which was held by the Court of Appeals to be a subject of review in that court. The evils which must follow from applying that rule to these proceedings will be serious. In this case which involves assessments to a very large amount, we have now two decisions from different justices in direct conflict, the one holding that the case is within the statute, and the other that it is not, and a third application is pending and as yet undecided. If such conflicting decisions in matters of so much magnitude cannot be reviewed either by appeal or by certiorari, an amendment of the statute allowing such review is greatly needed.

Without expressing any opinion as to the right of appeal from an order made before a justice out of court, we think this case was pending in the special term of the court; that it has all the requisites of a special proceeding, viz., pleadings, trial, and judgment, and as such comes clearly within the description of a special proceeding in the Code, and under the act of 1854 is appealable.

*Motion denied.*