Folger, J.
The respondents are commissioners to assess the damages to the owner of certain real estate, taken by the relator for the purposes of its railroad.
This proceeding is a common-law certiorari, to bring up for review the proceedings of the respondents on a new appraisal, and the second report made by them in the same matter. The statute says, that “ the second report shall be final and conclusive on all the parties interested.” (Chap. 140, Laws of 1850, § 18 [3 Edm. Stat. at Large], 623.) It is insisted by the learned counsel for the relator, that this bar to a review, applies only, to a second appeal technically so called upon the merits of the appraisal and report; and that the way is till open by a common-law certiorari, for a review of any legal errors committed by commissioners, even upon a second appraisal. We fail to perceive how exemption is attained from *602 the express prohibition of the statute, that the second report shall be final and conclusive on all the .parties interested, anymore by a common-law certiorari, than by any other proceeding for a review and correction of error. The office of a common-law certiorari is, in strictness, merely to bring up the record of the proceedings of an inferior court or tribunal, to enable the court of review to determine whether the former has proceeded within its jurisdiction, and not to correct mere errors in its proceedings. (People ex rel. v. Commissioner of Highways, etc., 30 N. Y., 72.) Trite, it has been sometimes intimated, and sometimes held, that in the absence of any other remedy, and to prevent a failure pf justice, the party will be suffered by it to bring up nót only the naked question of jurisdiction, but the evidence, as well as the ground of principles on which the inferior body acted; and the questions of law on which the relator relies. (Susquehana Bank v. Supervisors, etc., 25 N. Y., 312; Baldwin v. Buffalo, 35 id., 380; Swift v. Poughkeepsie, 37 id., 511.) Many cases are cited in The People v. Assessors (39 N. Y., 81), and it is there held that the office of the writ, extends to the review of all questions of j nrisdiction, power and authority, of inferior tribunals, to do the acts complained of, and to all questions of regularity of their proceedings. In People v. Assessors (40 N. Y.; 154) it is held that the writ may bring up for review, the decision that a given state of facts, is not legally sufficient to compel a board of assessors, to the conclusion that certain property was not liable to assessment; in other words, a decision of law. (See, also; People v. Board, etc., 39 N. Y., 506; Freeman v. Ogden, 40 id., 105; People v. Hamilton, 39 id., 107; Western R. R. Co. v. Nolán, 48 id., 513.) In People v. Delaney (49 N. Y., 655), inclining the other way, it was held that a departure by assessors, from the statutory standard for estimating the value of property on the assessment roll, cannot be corrected upon certiorari. In People v. Suprs., etc. (51 N. Y., 442), it was held that it was the office of a certiorari, to review the determinations of inferior boards, where *603 a claim was rejected as not just or legal. And in People v. Allen, etc. (52 N. Y., 538), a certiorari brought up for review, the decision of the defendants upon a question of law.
It is thus seen that the office of a common-law writ of certiorari, has been somewhat enlarged since the decision in the 30th Hew York (supra). But it will also be seen, that it is in cases where the relator has no other available remedy, and where injustice would be done, if the writ was not permitted to dó its work. The rule still remains unimpaired, at least in principle, that where there is a remedy by appeal, the writ will be confined to its original and more appropriate office. (Storm v. Odell, 2 Wend., 287; see, also, In re Mt. Morris Square, 2 Hill, 14-27.)
And now the appellants say the writ should lie in this case, for there is no remedy by appeal from a second appraisal and report. True, because the statute says that it shall be final and conclusive upon all parties interested ; not because an appeal is not the appropriate remedy. An appeal is the method provided by law, for remedying erroneous action of commissioners of appraisal. And when the statute says that the second appraisal shall be final and conclusive, it is not that it means only to refuse that mode of remedy, but that it means to deny any remedy. Hor do any of the decisions above cited authorize, hold or intimate that, in such case, the common-law writ of certiorari may be availed of, to review erroneous decisions or proceedings of boards or inferior tribunals. It follows that the writ of certiorari in this case should have been quashed.
As this leads to a dismissal of the appeal, it needs not to examine any other question raised upon the argument.
All concur.
Appeal dismissed.