56    PEOPLE ex rel. ACKERLY v. CITY OF BROOKLYN.

Second Department, June Term, 1876.

THE PEOPLE ex rel. SAMUEL ACKERLY and others, Appellants, v. CITY OF BROOKLYN, Respondent.

*Certiorari — to review street openings — issuing of, discretionary — must be applied for within two years.*

The writ of certiorari is an appropriate remedy to review proceedings for the opening and grading of streets. Although there is no statutory limitation of time within which the writ must be obtained, it is not one of right, and the court can, in its discretion, refuse it in any case, and quash it where it has been improperly granted.

The general rule has been to quash the writ where application therefor has not been made in due season, and due season has usually been limited to two years.

APPEAL from an order made at Special Term quashing a writ of certiorari.

Application was made August, 1875, to review and set aside an assessment for grading and paving Orchard street, in the city of Brooklyn. The ordinance or resolution directing the improvement to be made was passed August 28, 1871. Advertisement of the proposed district of assessment and for remonstrances was duly made in June and July, 1871, and no remonstrances were presented. Advertisement for proposals to do the work was duly made, and the proposals received were opened October 9, 1871. The contract was awarded December 27, 1871, and the contract duly completed and the improvement fully made before December 21, 1872. The assessment was confirmed March 18, 1875, and the warrant for the collection of the assessment was issued April, 1875. The General Term, by an order made February, 1876, remitted the matter for a hearing to the Special Term. At the Special Term an order was made quashing the writ.

*T. F. Neville*, for the relators.

*William C. De Witt*, corporation counsel for the respondent.

Gilbert, J. :

No doubt a certiorari is an appropriate remedy in a case of this kind. Nor is there a statutory limitation of the time within which

the writ must be obtained. Still the writ is not one of right, but the court has a discretion to refuse it in any case, and to quash it where it has been improperly issued (*Magee* v. *Cutler*, 43 Barb., 239; *People* v. *Supervisors of Allegany*, 15 Wend., 198; *Susquehanna Bank* v. *Supervisors of Broome*, 25 N. Y., 312); and the general rule is, that it will be quashed where it appears that application for the writ was not made in due season. It has been held in many cases that it ought not to issue after the lapse of two years, and that when issued after that time it should be quashed. (*Elmendorf* v. *The Mayor*, 25 Wend., 693; *People ex rel. Agnew* v. *The Mayor*, 2 Hill, 13; *People ex rel. Davis* v. *Hill*, 1 N. Y. S. C. [T. & C.], 154; *People ex rel. Tompkins* v. *Landreth*, 4 id., 134; *People ex rel. Corwin* v. *Walter*, 4 id., 638.) We fully approve the rule on this subject laid down in these cases and the reasons on which it is supported. It applies emphatically to the case before us. The relators did not move until four years, lacking two days, after the ordinance for the grading and paving the street was passed, and nearly three years after the work had been performed. No objection was raised by them until the assessment for the cost of the work was put in the course of collection. They should have availed themselves of this remedy within two years after the ordinance was passed. Not having done so they must be deemed to have acquiesced in the passage of the ordinance, and so to have precluded themselves from setting up the invalidity of the ordinance to affect the assessment founded thereon. The improvement is a local one, the expense of which is properly chargeable on the property of the relators and the other adjoining owners, and it would be unjust to others to relieve them from the burden by imposing it upon the city.

We think the court below very properly quashed the writ and the order must be affirmed, with ten dollars costs and disbursements.

Barnard, P. J., concurred. Dykman, J., not sitting.

Order affirmed, with costs.