The People ex rel. The Rome, Watertown and Ogdensburgh Railroad Company, Appellants, v. Parley Haupt et al., Assessors, etc., Respondents.

Same, Appellants, v. George B. Hood et al., Assessor etc. Respondents.

Same, Appellants, v. Peter S. Moyer et al., Assessors, Respondents.

Same, Appellants, v. Peter S. Moyer et al., Respondents.

The provision of the act of 1880 (§ 9, chap. 269, Laws of 1880), in reference to the review and correction of assessments, which requires completed and verified assessment-rolls of a town to be filed with the town clerk "on or before the first day of September" is directory merely, and when the roll is completed and verified, a delay in filing it does not vitiate the assessment.

Where upon *certiorari* it appeared that the relator had fifteen days after delivery of the assessment-roll to the town clerk within which to sue out his writ, *held*, that he might not complain as he had suffered no prejudice.

The object of the requirement of said act (§ 9), that the assessors shall give public notice of the completion of the roll is simply to set running the fifteen days within which parties aggrieved may sue out a writ of certiorari (§ 2); an omission to give the notice does not affect the validity of the assessment, it simply leaves the right to review by *certiorari* unlimited as to time.

The conclusions of the assessors upon conflicting evidence as to value of property assessed are not reviewable here.

(Submitted January 18, 1887; decided March 1, 1887.)

APPEALS from orders of the General Term of the Supreme Court, in the fifth judicial department, made the first Tuesday of June, 1886, which affirmed orders of Special Term which quashed writs of *certiorari* issued to the assessors of certain towns in Niagara county, to review the assessments made in said towns upon the property of the relator, for the years 1883 and 1884.

The facts so far as material are stated in the opinion.

*Edmund B. Wynn* for appellant. The taxable value of the portion of a railroad situated in a particular town should be estimated as part of a whole, and the profits of the use of the road should be considered. (*People ex rel. O. & L. C. R. R. Co.* v. *Assessors*, 13 Abb. [N. C.] 1; 92 N. Y. 643; *People ex rel. W. V. R. R. Co.* v. *Keator*, 67 How. 277; 36 Hun, 592; *People ex. rel. A. & G. Bridge Co.* v. *Weaver*, 67 How. 477; 34 Hun, 321; 99 N. Y. 659; *People ex rel. D. & H. C. Co.* v. *Assessors*, 2 How. Pr. [N. S.] 454.) It is not necessary to appear before the assessors to have errors corrected if their assessment of a taxpayer's property is illegal, erroneous or unequal. (*People* v. *Smith*, 24 Hun, 66.)

*F. Brundage* for respondents. The writs should have been quashed for the reason that there was no proof that the relator appeared before the assessors on grievance day and availed itself of the statutory means of correcting the errors complained of. (*People ex rel. M. U. Tel. Co.* v. *Com'rs of Taxes*, 99 N. Y. 254, 257; *People ex rel. Osgood* v. *Com'rs of Taxes*, id. 154; 2 R. S. 994, § 6.) The statement of the assessors in their return, that they assessed the relator's property at its full and true value as they would appraise the same in payment of a just debt due from a solvent debtor, was in strict compliance with the statute. (2 R. S. 992, § 17, 18; *People* v. *Frederick*, 48 Barb. 173; *People* v. *Barker*, id. 70; *People* v. *Dixon*, 8 Hun, 173; *A. & W. S. R. R. Co.* v. *Town of Canaan*, 10 Barb. 244; *People ex rel. Citizens' Gas Light Co.* v. *Assessors*, 39 N. Y. 81.)

Railroad corporations are to be assessed in the same manner as individuals. (2 R. S. 990, § 6; *People* v. *Com'rs of Taxes*, 67 N. Y. 516, 521; 16 Barb. 244; 5 Lans. 142 48 Barb. 175; 48 N. Y. 70, 76; 91 id. 574; 76 id. 64, 75; *People ex rel. Beadle* v. *Newton*, 2 Alb. L. J. 437; 91 N. Y. 574, 581; *People* v. *Mayor, etc.*, 6 Hun, 652; *People* v. *Com'rs of Taxes*, 73 N. Y. 437; *S. C.*, 3 East. Rep. 569; *S. C.*, 82 N. Y. 459, 465; 76 id. 64, 75; 99 id. 154.)

*Ellsworth & Potter* for respondents. Discretionary power has been used in quashing the writ, and when the General Term affirmed that conclusion, the remedy of the relator was exhausted. (*People* v. *Pond*, 92 N. Y. 643; *People* v. *McCarthy*, 102 id. 630; *People ex rel. Second Ave. R. R. Co.* v. *Com'rs of Parks*, 97 id. 37; *People* v. *Com'rs of Taxes*, 85 id. 655; 99 id. 659.) The relator never was entitled to the writ, for the reason that it made default on grievance day. (2 R. S. [7th ed.] 994, § 6; 16 Barb. 607; 12 How. 224; *Wheeler* v. *Mills*, 40 Barb. 644; *People* v. *Forrest*, 96 N. Y. 544; *People* v. *Com'rs of Taxes*, 21 Week. Dig. 439.) No substantial error is pointed out, and unless such error can be found, an Appellate Court will not interfere. (*People* v. *Keator*, 36 Hun, 594.)

Finch, J. The papers in four appeals from orders quashing as many writs of *certiorari*, and in another similar case not before us, are printed for our use with a disorder and confusion scarcely to be excused. With the aid of the briefs of counsel we hope that we have been enabled to understand and appreciate the questions sought to be raised. The General Term say that no questions of law, and only questions of fact, were presented by the appeals, but in the brief of the appellant we find three errors in the assessments alleged and relied upon as sufficient to vitiate the tax imposed.

One of these is, that the assessors of the town of Wilson did not meet to hear complaints on the third Tuesday of August, 1883, but met for that purpose only on the thirty-first of that month; and that the fact appears in the copy of

their notice marked Exhibit II. The fact so appears in the printed copy of that notice, but a stipulation, signed by counsel for both parties, certifies that the date of August thirty-first is a misprint and should read August twenty-first The ground of objection, therefore, disappears.

It was charged in one of the petitions that the assessment-roll of the town of Wilson, for 1883, was not finally completed and verified by the assessors and delivered to the town clerk, or other officer to whom such roll is required by law to be delivered, on or before the 1st day of September, 1883. No proof was given on the subject, but the admissions of the return are relied on. Those show that the assessors met to hear complaints on the third Tuesday of August; that from that day until the twentieth of September the roll remained in possession of Cooper, one of their number, "open to inspection;" and on that day was "left, completed and verified, with the town clerk." The admission goes no further than the date of delivery to the town clerk, and does not show that the roll was not completed and verified on or before September first. An extract from the roll is all that is printed, the printing of the roll and assessor's affidavit having been waived. The delivery of the completed and verified roll is required by section 9 of the act of 1880 to be made to the town clerk, or other proper officer, "on or before the first day of September." The return shows a delivery twenty days later. Such delay did not vitiate the assessment. The provision is directory, and since the relator had his fifteen days, after the delivery to the town clerk, within which to sue out his writ, and did actually do so, we cannot see how it has suffered any prejudice from the delay. The town clerk returns that after its delivery to him it remained open for inspection in his hands for the required fifteen days. The return shows that the roll, which we must assume was completed and verified on or before September first, remained open to inspection in the hands of one of the assessors until the twentieth, and then, after due notice, so remained for fifteen days in the hands of the clerk. We should sacrifice

substance to form if we held that such a mistake vitiated the whole assessment.

The question, under the act of 1880, assumes a different form as it respects the town of Somerset. Apparently the assessors of that town never published a notice of the delivery to the town clerk at all. The sole object of that provision, however, appears to be to set running the fifteen days within which parties aggrieved may sue out their writ (§ 2). If the notice be not given the right to review by *certiorari* remains unlimited as to time. The fifteen days are not set running. The consequence of the omission cannot be fatal to the validity of the assessment, but leaves the door open for a review, unlimited as to time. The assessment, lawfully made and completed, did not become "illegal" by the omission of the notice required by section 9 of the act of 1880.

The remaining questions arise wholly upon the facts. An inequality of assessment was asserted. Evidence of the value of farms largely in excess of the assessed values was given on behalf of the relator, but met by an equal, if not a larger, body of evidence sustaining the official valuations. An over-valuation of the railroad was sought to be proved, and a body of evidence was given relating to its earning capacity and tending to show that its value was overestimated. On the other hand, the sources and accuracy of that evidence were criticised, the cost of construction was shown, the opinions of experts were given, and back of all that remained the observation and judgment of the assessors. Upon the evidence the question of value was purely one of fact. It has been reviewed by the Special and General Terms, but should not be by us. No legal error is disclosed by the record which warrants our reversal of the proceedings.

The orders should be affirmed with one bill of costs in this court.

All concur.

Orders affirmed.