BALOGH v. LYMAN, Commissioner of Excise.

(Supreme Court, Appellate Division, Third Department.   June 2, 1896.)

1. INTOXICATING LIQUORS—CONSTRUCTION OF STATUTE—REVENUE LAW.
   Laws 1896, c. 112 (Liquor Tax Law), section 13 of which provides that one-third of the moneys received for certificates authorizing the sale of liquors shall be paid to the treasurer of the state as part of the general tax revenue of the state, and the remaining two-thirds shall belong to the town or city in which the traffic was carried on from which the revenue was received, is a revenue law, to the extent that its enforcement will not be restrained by injunction.

2. INJUNCTION—AGAINST APPLYING FOR INJUNCTION.
   A person cannot be enjoined from applying to a court for an injunction.

3. PLEADING—AVERMENT OF CONCLUSION.
   In an action to enjoin the commissioner of excise from enforcing the excise law, an allegation that the enforcement would work irreparable injury to plaintiff, for which he had no adequate remedy at law, involving him in a multiplicity of civil and criminal actions to determine his rights, states merely plaintiff's conclusion.

4. INJUNCTION—MULTIPLICITY OF SUITS.
   The requirement of Laws 1896, c. 112, § 18, that, in case a person sells liquors in violation of the act, the excise commissioner shall enter upon his premises, and daily arrest and prosecute him, and procure an injunction restraining him from continuing in said business, does not entitle such person to an injunction against the commissioner of excise, on the ground that it would require a multiplicity of suits to establish his rights, as his rights may be determined in a single proceeding.

Appeal from special term, Albany county.

Action by Alexander Balogh against Henry H. Lyman, as state commissioner of excise, to enjoin defendant, his agent and deputies, from interfering in any way, by legal proceedings or otherwise, with the prosecution of plaintiff's business until March 21, 1897.   A motion for a temporary injunction was denied, and plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

William B. Donihee (Charles Haldane, of counsel), for appellant.

T. E. Hancock, Atty. Gen. (W. E. Kisselburgh, Jr., of counsel), for respondent.

HERRICK, J.   This is an appeal from an order of the special term denying a motion for a temporary injunction.   The plaintiff alleges in his complaint that he is a citizen of the United States, and a resident of the state of New York; that on the 21st day of March, 1896, the board of excise commissioners of the city of New York, in conformity with chapter 401 of the Laws of 1892, as amended by chapter 480 of the Laws of 1893, granted him a license to conduct the business of a retail dealer in intoxicating liquors at 103 Second avenue, in the city of New York, for which he paid the sum of $250; that such license has never been revoked, and that the plaintiff has never done anything for which it should be forfeited; that by section 4 of chapter 49 of the General Laws, which became a law on the 23d day of March, 1896, it is provided that after the 30th day of June, 1896, the plaintiff's right to continue in the business of a

retail dealer in intoxicating liquors shall absolutely cease and determine, unless the plaintiff shall pay to the defendant's duly-appointed deputy such further sum of money as, computed at the rate of $800 per annum, would cover the period extending from the 1st day of July, 1896, to the 30th day of April, 1897, and shall furnish a bond in the sum of $1,600, conditioned as required by section 18 of said law; and in case of plaintiff's failure to comply with said requirements, and continuing in such business after the 30th day of June, 1896, it is made the duty of the defendant, his deputies and special agents, to enter upon plaintiff's premises, and daily arrest and prosecute plaintiff, and to procure an injunction restraining him from continuing in said business.　The plaintiff further alleges, upon information and belief, that he will not be able to pay the tax required by said law on the 30th day of June, 1896, or to furnish the bond required, and that the enforcement by the defendant, his deputies and agents, against the plaintiff, of the provisions and penalties in said chapter 29, will work irreparable injury to plaintiff, for which he has no adequate remedy at law, involving him in a multiplicity of civil and criminal actions in order to determine his rights, and further alleges, upon information and belief, that so much of section 4 of chapter 29, above referred to, as cancels, annuls, and determines on the 30th day of June, 1896, the license granted to plaintiff by the said board of excise, is repugnant to sections 1 and 6.of article 1 of the constitution of the state of New York, and to section 10 of article 1 of the constitution of the United States, and to the fourteenth amendment to said constitution; and he asks relief that such portion of section 4 of chapter 29 of the General Laws be declared null and void, and that the defendant, his deputies and agents, be enjoined from in any way interfering with plaintiff in his business of a retail dealer in intoxicating liquors, until after the 21st day of March, 1897.　In an affidavit attached to the complaint, the plaintiff reiterates the statements of the complaint, and sets forth his financial condition, showing that he has no means excepting the furnishings and fixtures in his place of business and stock of goods, and that he is largely indebted thereon, and that, if the provisions of the law complained of are enforced, he will be without any means to pay the tax, and be left heavily in debt.　There is no answer to plaintiff's complaint or affidavit upon the part of the defendant.

The act designated in the complaint as chapter 29 of the General Laws is published in the official series of the reports of the Session Laws, as chapter 112 of the Laws of 1896.　It will be observed that a portion of the plaintiff's complaint is his construction of the meaning and effect of section 4 of such act.　The act provides for the payment of a fee by those desiring to engage in the sale of intoxicating liquors, without the payment of which such traffic is made unlawful. The thirteenth section provides that the moneys received under the provisions of the act shall be paid—

"To the treasurer of the state of New York, to the credit of the general fund, as a part of the general tax revenue of the state, and shall be appropriated to the payment of the current general expenses of the state, and the remaining two-thirds thereof, less the amount allowed for collecting the same, shall be-

long to the town or city in which the traffic was carried on from which the revenues were received, and shall be paid by the county treasurer of such county, and by the special deputy commissioners to the supervisor of such town, or to the treasurer or fiscal officer of such city; and such revenues shall be appropriated and expended by such town or city, in such manner as is now or may hereafter be provided by law for the appropriation and expenditure of sums received for excise licenses, or in such other manner as may hereafter be provided by law."

Whether we regard the law in question as strictly a tax law or not, it is evident that one of its results, if not one of its purposes, is to raise a revenue to assist in defraying the expenses of state and local government, and is to an extent, at least, to be regarded as a revenue law. Therefore, the same objections apply to any efforts to stop its enforcement, and prevent the collection of the revenue expected to be derived therefrom, as are to be made to the enforcement of any other tax or revenue law. The defendant is the state officer who is charged with the enforcement of this law. The method provided for its enforcement is by obtaining injunctions restraining persons who have not complied with its provisions from trafficking in intoxicating liquors, and also by causing their arrest in criminal actions for not complying with its provisions. The plaintiff is therefore seeking to restrain the state officer charged with enforcing of a revenue or tax law from employing the means provided by the statute for the enforcement and collection of the fee or tax provided for by the law in question.

The rule is well settled that the courts will not interfere by injunction to restrain the collection of a tax unless the case is brought within some acknowledged head of equity jurisprudence. The rule is one of public policy. Railroad Co. v. Nolan, 48 N. Y. 513; Canal Co. v. Atkins, 121 N. Y. 246, 24 N. E. 319. It has been held that an injunction will not lie to restrain the collection of a tax on the ground that its assessment is illegal. Susquehanna Bank v. Board of Sup'rs of Broome Co., 25 N. Y. 312; Comins v. Supervisors, 64 N. Y. 626. See, also, Messeck v. Board, 50 Barb. 190; Railroad Co. v. Smith, 39 Hun, 332; In re Bridgford, 65 Hun, 227, 20 N. Y. Supp. 281; Mutual Ben. Life Ins. Co. v. Board of Sup'rs of New York Co., 20 How. Prac. 416; Betts v. City of Williamsburgh, 15 Barb. 255. As stated before, the rule is one of public policy. The collection of revenue is necessary for the maintenance of the government. Appropriations for the support of the state government are made in reliance upon its collection. "If there existed in the courts, state or national, any general power of impeding or controlling the collection of taxes, or relief from the hardship incident to taxation, the very existence of the government might be placed in the power of a hostile judiciary." Cheatham v. U. S., 92 U. S. 85–89. See, also, Dows v. City of Chicago, 11 Wall. 108; Hannewinkle v. Georgetown, 15 Wall. 547. It has also been held that an action to restrain a prosecution for the collection of penalties imposed by statute, on the ground that the statute is invalid, cannot be maintained, unless the invalidity of the statute has previously been decided. Wallack v. Society, 67 N. Y. 23.

The injunction prayed for is that the "defendant, his deputies and agents, be enjoined from in any way interfering with plaintiff

in his business of a retail dealer in intoxicating liquors carried on," etc. The only way provided by the law for such interference is by obtaining an injunction restraining the plaintiff from carrying on such business, or by causing his arrest for doing so. The relief then asked by the plaintiff, in effect, is to enjoin the defendant, his deputies and agents, from causing the arrest of the plaintiff for alleged violation of the law, and to enjoin them from making any application for an injunction to restrain him from dealing in intoxicating liquors. It has been held that an injunction may not be had to restrain an officer from making an arrest for alleged violation of law. Davis v. Society, 75 N. Y. 362. It seems to me unnecessary to cite any authority to show an injunction ought not, as a rule, to be granted to restrain a person from making an application to the court to procure an injunction. An injunction to restrain the procuring of an injunction would be rather an anomalous judicial proceeding. By a careful reading of the cases holding that injunctions should not be granted restraining the enforcement of revenue laws, it will be seen that they qualify the rule by excepting. therefrom cases where the enforcement of such laws will lead to a multiplicity of suits, or where irreparable injury would result, or where the plaintiff has no adequate remedy by the ordinary process of law. Before an injunction should be granted in these exceptional cases, it should be made clearly to appear to the court that it is such an exceptional case. The plaintiff's statement in his complaint that the enforcement of this law will expose him to a multiplicity of suits I do not think can be held to be a statement of fact, but rather of the plaintiff's conclusion; and in that conclusion I cannot agree with him that such will be the necessary effect of the enforcement of the law by the defendant. A single proceeding will test the legality of the law, and it is not to be assumed that the defendant will harass and annoy the plaintiff with unnecessary litigation. The only way in which the plaintiff alleges that he may be damaged is by an injunction obtained against him to prevent the sale of liquors without procuring a new license or certificate, or by being arrested in criminal proceedings. Neither he nor his property can be seized, or his business interfered with, except by due process of law. If proceedings are taken to procure an injunction against him, he will have notice and an opportunity to be heard, and make the same contention as to the constitutionality of the law in question that he seeks to make here. A criminal proceeding can only be taken against him in a court of record (section 35), where again. he will have an opportunity to assert the illegality of the law; so that under the ordinary forms of procedure, both in our courts of equity and of law, the plaintiff has the means of protecting himself from injury. If the defendant interferes with the plaintiff in any other way, to his damage, an action may be maintained against him, if the law under which he acts is unconstitutional. Telegraph Co. v. Grant, 137 N. Y. 7, 32 N. E. 1005.

The order denying a motion for a preliminary injunction should therefore be affirmed, with $10 costs and disbursements. All concur in result.