---

(92 App. Div. 518.)

PEOPLE ex rel. TWENTY–THIRD ST. RY. CO. v. FEITNER et al., Com'rs.

(Supreme Court, Appellate Division, First Department. March 25, 1904.)

1. TAXATION—REVIEW OF COMMISSIONERS' ACTION—CERTIORARI—NATURE OF PROCEEDINGS.

In certiorari to review the proceedings of the commissioners of assessment, the court, when the proceedings came on for trial, decided that testimony was necessary, and appointed a referee to take the same and report. On the hearing before the referee the relator produced no testimony, but rested its case on the return of the assessors to the writ, and thereafter the court confirmed the report of the referee, and canceled the tax. *Held*, that the court, by deciding in the first instance that testimony was necessary, was not precluded from determining that the tax was illegal on the face of the return.

2. CORPORATIONS—TAXATION—ASSESSMENT.

A corporation is entitled, on an assessment for taxation, to have deducted from its personal property the amount of its debts.

3. SAME—CAPITAL STOCK.

"Capital stock," as used in the tax law, does not mean share stock, but means the actual money or property paid in and possessed by the corporation.

4. SAME—FRANCHISE.

The assessors have no jurisdiction to determine the assessable value of the franchise of a corporation.

5. TAXATION—STATEMENT OF COMMISSIONERS—FAILURE TO TAKE TESTIMONY —EFFECT.

While the commissioners of assessment have power to examine the officers of a corporation under oath, and to require a fuller statement of its property, where it receives a corporation's statement and makes no further inquiries, the board is not at liberty to disregard the facts contained in the statement.

6. REVIEW OF COMMISSIONERS' ACTION—PARTY AGGRIEVED.

Where in certiorari, on relation of a corporation, to review the proceedings of the commissioners of assessment in assessing relator for taxation, the statement filed by the corporation with the commissioners, and

¶ 2. See Taxation, vol. 45, Cent. Dig. § 631.

on which their action was based, shows that the corporation had no personalty subject to taxes, it sufficiently appears that the corporation was "aggrieved," so as to entitle it to a cancellation of the tax.

Van Brunt, P. J., dissenting in part.

Appeal from Special Term, New York County.

Certiorari by the people, on the relation of the Twenty-Third Street Railway Company, to review the action of Thomas L. Feitner and others, as commissioners of assessment, etc. From an order confirming the report of the referee appointed to take testimony, respondents appeal. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, INGRAHAM, HATCH, and LAUGHLIN, JJ.

David Rumsey, for appellants.
Charles F. Brown, for respondent.

HATCH, J. The relator, claiming to be aggrieved by an assessment of its capital stock and surplus by taxation for the year 1900, sued out a writ of certiorari to review the action of the board of assessors. The proceeding came on for trial at a Special Term in January, 1901, and upon the petition, the writ, and the return thereto the court decided, as recited in the order, that, "it appearing to the court that testimony is necessary for the proper disposition of the matter," a referee was appointed to take testimony, and report to the court his findings of fact and conclusions of law. At the hearing before the referee in November, 1902, the relator produced no testimony, but rested its case upon the return of the assessors to the writ of certiorari. Thereupon the defendants moved to dismiss the proceeding, upon the ground that it was incumbent upon the relator to prove that the amount of the assessment was erroneous, even though it appeared that there was an error in the method adopted by the assessors in arriving at the amount of the tax. The referee made no ruling upon this motion, but he subsequently made his report, in which he found that the total gross assets of the relator did not exceed $259,-000 on the second Monday of January, 1900, and that the indebtedness of the relator on that date was $400,000; and as a conclusion of law he found that the assessment was illegal, and should be stricken from the assessment roll. Upon motion, the court confirmed the report of the referee, and directed that the tax be canceled by the comptroller or other proper officer of the city. From the order entered thereon the defendants appealed.

It is contended on the part of the defendants that, upon the conclusion by the court that testimony was necessary for the proper disposition of the matter, the law of the case thereby became established and governed the subsequent procedure, and that under the special statutory writ the court is required to take testimony upon the issues presented by the pleadings, and that a trial must be had of such issue; that, by adopting the course which obtained, the writ herein was changed from one of review of the assessment into a trial, upon which judgment of the court is required to be rendered, and that the assessment must stand, unless overthrown by proof. The special statutory writ does not cease to be a writ of review by

reason of the enlarged scope in the proceedings which may be had thereunder. It was decided by this court in People ex rel. Citizens' L. Co. v. Feitner, 81 App. Div. 118, 81 N. Y. Supp. 73, that this writ embraces all that is contained in the common-law and Code writs of certiorari. It possesses all of the requisites of these two writs, and, in addition thereto, authorizes a rehearing of the question at issue and the introduction of additional proofs bearing thereon. Such was the conclusion reached in People ex rel. Manhattan R. Co. v. Barker, 152 N. Y. 417, 46 N. E. 875. The enlarged scope of the writ, therefore, does not change or alter its functions as a writ of review. The court, by deciding in the first instance that testimony was necessary to be given to make proper disposition of the proceeding, was not concluded, on the motion to confirm the report, from determining that upon the face of the return it appeared that the tax was illegal and void. The former decision did not destroy the power to review the return, nor could any estoppel be worked upon the exercise of the judicial function by an erroneous determination that testimony was necessary to dispose of the questions presented by the return. There is therefore no error in procedure which calls for a reversal of this order, and the only question to be considered is whether the return itself shows that the tax was illegal.

It appeared from the return that the assessors required, and the relator delivered, a statement showing its financial condition, which statement was verified by the oath of Charles E. Warren, the secretary of the relator, and was presented to the assessors before the assessment was made. None of the facts appearing in this statement are contradicted by the return, and upon the face of the statement it appears that relator's liabilities and the assessed value of its real estate of $81,000 amounted to $222,000 more than the value of all of its property, thus showing that there was no personal property owned by the relator which could properly be made the subject of a tax. It was entitled to have deducted from its personal property the amount of its debts (People ex rel. Cornell S. Co. v. Dederick, 161 N. Y. 195, 55 N. E. 927), and the debts were conceded to amount to $400,000. The method of making up the assessment was clearly erroneous. The defendants first took the capital stock at par, added thereto the premium at which the share stock was selling in the market, also added the par value of the bonds—$400,000—which was a debt. The sum total produced by this method was $2,692,000. They then deducted the assessed value of the special franchise, assessed valuation of the real estate, debts, and 10 per cent. of surplus capital, which aggregated $2,489,276, which, deducted from the assets, left the sum of $202,724, which was the amount of the tax. The par value of the capital was $600,000. The premium upon the share stock, which the assessors added thereto, was $1,092,000. The method, therefore, by which the value of the capital stock was arrived at was clearly erroneous. "Capital stock," as that term is used in the tax law, does not mean share stock; it is limited to the actual money or property paid in and possessed by the corporation as such. People ex rel. U. T. Co. v. Coleman, 126 N. Y. 433, 27 N. E. 818, 12 L. R. A. 762; People ex rel. M. R. Co. v. Barker, 146 N. Y. 304, 40 N. E. 996. The assess-

ors also assumed to determine the assessable value of the franchise of the corporation. This was also erroneous. People ex rel. Brooklyn R. R. Co. v. Neff, 19 App. Div. 590, 46 N. Y. Supp. 385, affirmed on opinion below, 154 N. Y. 763, 49 N. E. 1102. The share stock is represented by the franchise, and it was not assessable for local purposes until the passage of the franchise tax law, and under that law the assessors have no jurisdiction to determine its assessable value. While the commissioners had power and authority to examine the officers of the relator under oath, and to require a fuller statement of all of its property, and by oral examination under oath could compel a complete disclosure of all matters concerning the property owned by the relator, it could not dispense with such examination, and disregard the statement which had been furnished upon the commissioners' requirement. Having received this statement, and made no further inquiries concerning the same, and requiring neither an examination nor a fuller statement, they were not at liberty to disregard the facts contained therein which have been verified by the oath of one of relator's officers. People ex rel. E. G. E. Co. v. Barker, 141 N. Y. 251, 36 N. E. 196; People ex rel. Consolidated Gas Co. v. Feitner, 78 App. Div. 313, 79 N. Y. Supp. 975. It is said, however, that even though the commissioners adopted an erroneous method of assessment, yet that such fact, standing alone, is not sufficient to call for the cancellation of this tax, for the reason that the relator does not show that it is aggrieved thereby. So far as the statement itself is concerned, it shows upon its face that the relator has no personal property which is the subject of a tax, and, if it has no property, then it cannot be called upon to pay any tax, and it is necessarily aggrieved thereby. The cases relied upon in support of defendants' contention (People ex rel. U. V. Copper Co. v. Feitner, 54 App. Div. 217, 66 N. Y. Supp. 769, affirmed on opinion below, 165 N. Y. 645, 59 N. E. 1129; People ex rel. Equitable G. L. Co. v. Barker, 66 Hun, 21, 20 N. Y. Supp. 797, affirmed 137 N. Y. 544, 33 N. E. 336; and others) do not meet the case. In all of them the statement which was made the basis for the tax by the relator showed taxable property equal in amount to the assessment. The statement in the present case shows the reverse, in consequence of which it is made to appear that there was no personal property subject to taxation.

It follows from these views that the order appealed from should be affirmed, with costs.

PATTERSON, INGRAHAM, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. This court has held, as I understand it, that the writ of certiorari in a tax case is not a writ of review, but the relator is entitled as matter of right to a reassessment by the Supreme Court.