## TRUMBULL v. PALMER et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. TAXATION—VILLAGE ASSESSMENTS—HEARING OF GRIEVANCES—MEETING.

> Under Village Law, § 105 (Laws 1897, p. 402, c. 414), requiring the village board of assessors to appoint a time and place for the hearing of grievances arising from assessments, and to be present for that purpose, occasional presence of members of the board in the building, but not in the rooms appointed for the hearing of grievances, was insufficient, though they remained the rest of the time "within hearing notice or telephonic communication."

2. SAME—REMEDY BY CERTIORARI—ADEQUACY.

> The fact that the taxpayer has a remedy by certiorari does not dispense with the necessity of the hearing required by the statute.

3. SAME—RIGHT TO ENJOIN COLLECTION.

> Collection of a tax cannot be enjoined merely because the assessment is illegal.

> [Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 1231.]

4. SAME—TAXPAYERS' SUIT.

> Under Code Civ. Proc. § 1925, authorizing a suit by a taxpayer to restrain the wasting of public funds, a taxpayer has no standing to sue to enjoin the collection of a village tax because the statutory requirements as to the hearing of grievances was not complied with.

5. SAME—REMOVAL OF CLOUD FROM TITLE.

> Under Village Law, § 112 (Laws 1897, p. 405, c. 414), providing that the annual tax is a lien on the property on which it is levied from the date of delivery of the warrant to the collectors, and section 118, making the return of unpaid taxes by the collector presumptive evidence of the facts stated therein, a property owner may sue to remove an invalid assessment as a cloud on title where the invalidity of the assessment must be shown by extrinsic evidence.

Appeal from Special Term, Rockland County.

Action by Lena M. Trumbull against F. B. Palmer and others. From a judgment (87 N. Y. Supp. 614) for plaintiff, defendants appeal. Modified.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and HOOKER, JJ.

George A. Blauvelt (Charles A. Hitchcock, on the brief), for appellants.

Charles M. Stafford, for respondent.

JENKS, J. The assessors did not fulfill the statutory requirement as to grievance day. They published the notice in but one vil-

lage newspaper, when there were two, and they named three hours for hearing, when the statute required four. Section 105, Village Law (Laws 1897, p. 402, c. 414). They did not attend at the place appointed. One of the assessors testifies that they were in attendance during the entire time named in the notice at the office of one of their number, situate in the same building, which contained the corporation rooms, but on another floor; that is, they were in "hearing notice or telephonic communication." But on cross-examination he testifies he was in that office between 1 and 4 o'clock, "more than once or twice, once anyway"; and that he presumed that was the way with the others, though he did not know. But the corporation rooms were closed at this time, and there is evidence to justify the inference that there was not even a notice of direction to another place posted upon their door. The meeting prescribed by statute was not held, although the assessors did call in during the time appointed at a place other than that appointed, and, after they went out, remain within hearing notice or telephonic communication. Notice and a hearing were the absolute right of the taxpayer before there could be a valid tax laid. Matter of Douglas v. Board of Supervisors, 172 N. Y. 309, 65 N. E. 162; Stuart v. Palmer, 74 N. Y. 183, 30 Am. Rep. 289. It is contended, however, that a hearing was afforded, in that the taxpayer had a remedy by certiorari. Although he has this absolute right (People ex rel. Thomson v. Feitner, 168 N. Y. 441, 458, 61 N. E. 763), I think that this is not a hearing that satisfies the law. I think that the intendment of the law is well expressed by Denio, J., in Matter of Trustees N. Y. P. E. Pub. School, 31 N. Y. 574, as quoted by Earl, J., in Stuart v. Palmer, supra:

"It is manifestly proper that the taxpayers should have notice of the imposition proposed to be laid upon them, and an opportunity for making suggestions and explanations to the proper administrative board or officer."

Cooley on Taxation (2d Ed.) 605, says:

"When, therefore, either directly by the statute, or by some officer or board under its authority, a certain time is fixed for the meeting of a board of review, and the board fails to meet; or a certain time for the return and filing of the assessment for inspection before the meeting of the board, and it is not filed, whereby opportunity for inspection is lost—the tax proceeding must be regarded as having failed to become effectual, because of the failure of the officers properly to follow them up as required by law. No argument can be admissible in such a case which proposes the acceptance of something else as a substitute for the securities the statute has provided. To substitute anything would require legislation, and even legislation for the purpose would be of doubtful validity if it failed to provide what would fully accomplish the same substantial purpose."

I think that a hearing intends that the taxpayer in the procedure of the imposition, determination, and fixing of the tax shall have an opportunity, incident to that procedure, to attend and to be heard before the officers or board, who, in the first instance, impose the tax, or have power to adjust or to correct the amount upon or after such hearing. Notwithstanding the present scope, sweep, and far-reaching power of the writ of certiorari in such cases (People ex rel. Manhattan R. Co. v. Barker, 152 N. Y. 417, 46 N. E. 875; People

ex rel. Thomson v. Feitner, supra), it remains a writ of review, and it must be so regarded (People ex rel. 23rd Street R. Co. v. Feitner, 92 App. Div. 518, 87 N. Y. Supp. 304). It contemplates application in the first instance to the assessing officers. Section 250. I do not overlook Hagar v. Reclamation District, 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569. But a close reading of that judgment shows that the court reached its conclusion in view of the fact that the assessments could only be enforced by suit, and essential to the validity of such suit were notice and an opportunity to be heard.

An action does not lie to restrain the collection of a tax on the "bare ground that the assessment was illegal." Susquehanna Bank v. Supervisors of Broome County, 25 N. Y. 312, approved Western R. R. Co. v. Nolan, 48 N. Y. 513, 519; Kilbourne v. St. John, 59 N. Y. 21, 26, 17 Am. Rep. 291; Balogh v. Lyman, 6 App. Div. 271, 275, 39 N. Y. Supp. 780. After a learned and elaborate discussion in Mercantile Nat. Bank v. Mayor, 172 N. Y. 35, 64 N. E. 756, Gray, J., says:

"Equity will go far to afford relief in cases of mistake, or for the prevention of fraud, or to secure to the citizen the equal protection of the laws; but it is not its province to interfere with the collection of a tax in a case where the grievance assigned does not relate to some question of fraud, or of illegal discrimination, or classification."

I think that the plaintiff has no status as a taxpayer under section 1925 of the Code of Civil Procedure. It is hard to see how this judgment prevents either waste or injury to the estate, funds, or other property of the village. It must be assumed that whatever taxes have been paid to the collector will be used for village purposes, irrespective of the legality of the procedure of the imposition. In Mercantile Nat. Bank v. Mayor, supra, the court say, per Gray, J.:

"Public policy is against the interference by injunction to restrain the collection of a tax to the delay and detriment of the public business;" citing Western R. R. Co. v. Nolan, supra.

And in Kilbourne v. St. John, supra, it is held that a taxpayer cannot maintain an action in equity against the custodian to restrain the application of the tax levy. The words "waste and injury" include only illegal, wrongful, or dishonest illegal action. Matter of Douglas v. Board of Supervisors, supra; Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263. See, too, Comins v. Board of Supervisors of Jefferson County, 64 N. Y. 626, which cites Ayres v. Lawrence, 63 Barb. 454.

But I think that the plaintiff had her remedy in equity for relief against cloud upon title. This remedy is expressly affirmed and recognized in County of Monroe v. City of Rochester, 154 N. Y. 570, 49 N. E. 139, in an opinion which also discusses the scope of the writ of certiorari. It is said, per Gray, J.:

"What is essential to the maintenance of the action is that the assessment was illegal, and that the illegality can only be made to appear by extrinsic evidence."

Section 112 of the village law (Laws 1897, p. 405, c. 414) provides that the annual tax is a lien upon real property upon which

it is levied from the date of the delivery of the warrant to the col-
lectors. The warrant has been delivered in this case. Section
118 of the village law provides:

"The return of unpaid taxes by the collector or treasurer, or a copy thereof
·certified by the clerk under the corporate seal, shall be presumptive evidence
of the facts stated therein. An assessment roll filed with the clerk or a copy
·of the same, or any part thereof, certified by him under the corporate seal, shall
be presumptive evidence of the contents· thereof, of the regularity of the as-
·sessment, and of the right to levy such tax."

And the court has found:

"The illegality of said assessment and tax levy had to be and was proven
·by evidence outside of the record of assessment and taxation, and in particu-
lar as to newspapers, and the publication required by statute, the poll tax,
·and persons liable to a poll tax."

In Rumsey v. City of Buffalo, 97 N. Y. 114, 117, the validity of
the assessment was. presumed by the defendant's charter, and the
·court held that the assessment created an apparent lien, presump-
tively valid, and that the plaintiffs had "a clear right, as soon as the
.assessment was laid, to come into court, to have it declared void as
.a cloud upon their title." I think, then, that under the authorities
this action, which is brought also to remove a cloud upon title, may
be so far sustained, and the judgment accordingly should not be
·disturbed. The authorities are collated in County of Monroe v.
·City of Rochester, supra. Sanders v. Village of Yonkers, 63 N. Y.
489, is not to the contrary, in that the court· is careful to point out
that before the lease was given there was nothing in the charter
making the assessment when completed presumptive or prima facie
evidence of itself of its irregularity, nor allegation in the complaint
·that the assessment was on its face regular, or any record which
makes it prima facie or presumptive evidence of anything.

The judgment should be modified so as only to remove a cloud
·on the title of the plaintiff's land, and, as thus modified, affirmed,
without costs to either party. All concur.