STATE BANK OF CHITTENANGO et al., Appellants, v. CLAIR BUTTON, as Mayor of the Village of Chittenango, et al., Respondents.— The complaint of the plaintiffs in this action has been dismissed on the grounds (1) that another action or proceeding is pending between the same parties for the same cause and (2) upon the further ground that the complaint fails to allege facts sufficient to constitute a cause of action. Defendants appeal from the order of dismissal. Plaintiffs are residents of the Village of Chittenango, New York, and property owners therein. Their complaint is framed in equity to have the assessment roll of the Village of Chittenango for the year 1957 declared illegal, void and jurisdictionally defective; and that such assessment roll be declared a cloud on the title to their properties. It is alleged, and not denied, that the defendants constitute the board of trustees of the said village and purported to act as assessors, as they had a right to do under section 48 of the Village Law. The factual allegations relative to the alleged illegality of the assessment roll are four in number: 1. That all of the village assessors did not participate in arriving at the assessments fixed on assessment roll, specifically naming two trustees whom it is alleged did not fully participate in the prepara- tion of such assessments. 2. That the assessment roll was unlawful and void

because it was not filed on or before February 1 in violation of section 100 of the Village Law, and was not filed until February 2, 1957. 3. That the assessment roll was further unlawful and void for the reason that one member of the board of assessors was not qualified to hold the office of village trustee because at the time of his election he was not the owner of record of title to real property within the village and assessed on the last preceding assessment roll. 4. That the assessment roll was unlawful and void because on the day appointed for the hearing of complaints two members of the board of assessors were not present during a great portion of the hearing. Considerable law is cited to sustain the proposition that if assessors are without jurisdiction to make an assessment then the same is void and may be attacked collaterally in an equity suit (*Trumbell* v. *Palmer,* 104 App. Div. 51; *Matter of Allen Square Co.* v. *Krieger,* 217 App. Div. 123; *Miller* v. *City of Oneida,* 153 Misc. 438, and cases therein cited). We do not question this proposition of law but we find it irrelevant to the facts alleged in the complaint. In our view none of the factual allegations which we have summarized, taken separately or collectively, would sustain a finding that the assessment roll in question was void for lack of jurisdiction. There is no statutory direction, or a case which holds, that all the members of a village board of assessors must participate at every moment in the preparation of the assessment roll, and in connection with this statement it should be pointed out that no claim is made that all of the assessors did not verify the assessment roll. The failure to file the roll on or before February 1 did not render the same void, at most the delay merely operated to extend the time for a review of any assessment by certiorari (*People ex rel. Rome, Watertown & Ogdensburgh R. R.* v. *Haupt,* 104 N. Y. 377). The qualification of a village trustee may not be attacked collaterally. Until he is ousted he is a *de facto* officer. However even if the contrary were held the ineligibility of one member of a board of five would not vitiate the assessment roll. There is no statutory direction, or case which holds, that every member of the board of assessors must be present at all times on the day appointed for the hearing of complaints. It does appear that plaintiffs have a certiorari proceeding pending with relation to the same assessments involved here, but in any event by reason of the foregoing the complaint did not state facts sufficient to constitute a cause of action. Order affirmed, with $10 costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.